## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff** | **Civil Action No: 1:17-cv-03230-CCB** |
| **v.** | |
| **PHILIP R. JACOBY, JR., et al.** | **Jury Trial Demanded** |
| **Defendants.** | |

## DEFENDANT GREGORY I. LAW'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Now comes Defendant Gregory I. Law by and through his attorneys, Dickinson Wright, PLLC, AND for his Answer to the Complaint, AND Affirmative Defenses thereto, states as follows:

1.     Defendant Gregory I. Law admits Sentence 1 of Paragraph 1.  Mr. Law admits that Phillip Jacoby ("Jacoby") served as Osiris' chief financial officer and, subsequently, principal accounting officer.  Mr. Law admits that Mr. Law served as Osiris' vice president of finance and principal accounting officer and, subsequently, chief financial officer.  Mr. Law admits that Lode Debrabandere served as Osiris' chief executive officer.  Mr. Law admits that Bobby Dwayne Montgomery served as Osiris' general manager of orthopedics and sports medicine and, subsequently, chief business officer.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 1.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 1 for lack of present information sufficient to form a belief as to the truth of those allegations.

1

2.      With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 2.  Mr. Law neither admits nor denies the allegation set forth in the remainder of Paragraph 2 for lack of present information sufficient to form a belief as to the truth of those allegations.

3.      With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 3.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 3 for lack of present information sufficient to form a belief as to the truth of those allegations.

4.      With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Sentence 1 of Paragraph 4.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 4 for lack of present information sufficient to form a belief as to the truth of those allegations.

5.      Defendant Gregory I. Law neither admits nor denies the allegations set forth Paragraph 5 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the email referenced in Paragraph 5 is the best evidence of its contents.

6.      With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 6.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 6 for lack of present information sufficient to form a belief as to the truth of those allegations.

7.      Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 7 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states Plaintiff has not identified Distributor A.  For purposes of answering the allegations set forth in this Complaint, Mr. Law assumes Distributor A refers to PhysioRx.  If Mr. Law's assumption is incorrect, then Mr. Law revises its answers in this Complaint to neither admit nor deny any of the allegations referring to Distributor A for lack of present information sufficient to form a belief as to the truth of those allegations.

8.      With respect to the allegations set forth in the first half of Sentence 1 of Paragraph 8, Defendant Gregory I. Law admits the product referenced therein was sold, not purportedly sold.  Mr. Law denies the allegations set forth in the second half of Sentence 1 of Paragraph 8, neither admits nor denies the allegations set forth in the first half of Sentence 2 of Paragraph 8 for lack of present information sufficient to form a belief as to the truth of those allegations, and denies the allegations set forth in the remainder of Sentence 2 of Paragraph 8.  Mr. Law neither admits nor denies the allegations set forth in Sentence 3 of Paragraph 8 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states Plaintiff has not identified Distributor B.  For purposes of answering the allegations set forth in this Complaint, Mr. Law assumes Distributor B refers to Medikon.  If Mr. Law's assumption is incorrect, then Mr. Law revises its answers in this Complaint to neither admit nor deny any of the allegations referring to Distributor B for lack of present information sufficient to form a belief as to the truth of those allegations.

9.      With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 9.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 9 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that Plaintiff has not identified Distributor C.  For purposes of answering the allegations set forth in this Complaint, Mr. Law assumes Distributor C refers to Stryker Corporation.  If Mr. Law's assumption is incorrect, then Mr. Law revises its answers in this Complaint to neither admit nor deny any of the allegations referring to Distributor C for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that using the term Distributor C to reference Stryker is a misnomer because Stryker served as an agent for Osiris, not a distributor.

10.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 10.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 10 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states Plaintiff has not identified Distributor D.  For purposes of answering the allegations set forth in this Complaint, Mr. Law assumes Distributor D refers to Dover.  If Mr. Law's assumption is incorrect, then Mr. Law revises its answers in this Complaint to neither admit nor deny any of the allegations referring to Distributor D for lack of present information sufficient to form a belief as to the truth of those allegations.

11.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 11.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 11 for lack of present information sufficient to form a belief as to the truth of those allegations.

12.     With respect to himself, Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 12 for lack of present information sufficient to form a belief as to the truth of those allegations.

13.     Defendant Gregory I. Law admits the allegations set forth in Paragraph 13.

14.     Defendant Gregory I. Law neither admits nor denies the allegation set forth in Paragraph 14 that Jacoby resides in Baltimore, Maryland for lack of present information sufficient to form a belief as to the truth of that allegation.  Mr. Law admits the allegations set forth in the remainder of Paragraph 14.

15.     Defendant Gregory I. Law admits the allegations set forth in Sentences 1 and 2 of Paragraph 15.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 15 for lack of present information sufficient to form a belief as to the truth of those allegations.

16.     Defendant Gregory I. Law admits the allegations set forth in Sentence 2 of Paragraph 16.  With respect to the allegations set forth in Sentence 3 of Paragraph 16, Mr. Law admits only that Jacoby's name is affixed as signatory to and as having certified Osiris' Form 10-K for 2014 (for the year ended December 31, 2014) and Forms 10-Q for the first and second quarters of 2015, and is affixed as signatory to Osiris' Forms 8-K filed March 5, 2015, May 8, 2015, and August 5, 2015.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 16 for lack of present information sufficient to form a belief as to the truth of those allegations.

17.     Defendant Gregory I. Law admits the allegations set forth in Sentences 1 and 2 of Paragraph 17.  With respect to the allegations set forth in Sentence 3 of Paragraph 17, Mr. Law admits only that Mr. Law signed Osiris' Forms 10-Q for the first and second quarters of 2015, signed and certified Osiris' Form 10-Q for the third quarter of 2015, and signed Osiris' Forms 8-K filed on November 6, 2015 and November 20, 2015.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Sentence 3 of Paragraph 17 for lack of present information sufficient to form a belief as to the truth of those allegations because he is unable to determine the Plaintiff's meaning by use of the phrase "or otherwise acknowledge management representations."

18.     With respect to the allegations set forth in Sentence 2 of Paragraph 18, Defendant Gregory I. Law admits only that Debrabandere was Osiris' chief executive officer ("CEO"), Debrabandere's name is affixed as having certified all of Osiris' periodic filings with the SEC during the timeframe Debrabandere was CEO and Mr. Law was an employee of Osiris, and Debrabandere's name is affixed as signatory to and as having certified Osiris' Form 10-K for the year ended 2014.  With respect to the allegations set forth in Sentence 3 of Paragraph 18, Mr. Law admits only that as CEO of Osiris, Debrabandere exercised control over the management, general operations, and policies of Osiris.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 18 for lack of present information sufficient to form a belief as to the truth of those allegations.

19.     Defendant Gregory I. Law admits the allegations set forth in Sentence 2 of Paragraph 19.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 19 for lack of present information sufficient to form a belief as to the truth of those allegations.

20.     Assuming that the phrase "relevant period" means November 2014 to March 2017, Defendant Gregory I. Law admits the allegations set forth in Paragraph 20.  If Mr. Law's understanding of the phrase is incorrect, then he neither admits nor the denies the allegations set forth in Paragraph 20 for lack of present information sufficient to form a belief of the truth of those allegations.

21.     Defendant Gregory I. Law neither admits nor the denies the allegations set forth in Paragraph 21 for lack of present information sufficient to form a belief of the truth of those allegations because the word "relevant" is undefinable in the context of the allegations in Paragraph 21.

22.     Defendant Gregory I. Law admits the allegations set forth in Paragraph 22.

23.     Defendant Gregory I. Law admits the allegations set forth in Paragraph 23.

24.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 24 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that GAAP is the best evidence of this content.

25.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 25.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 25 for lack of present information sufficient to form a belief as to the truth of those allegations.

26.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 26. Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 26 for lack of present information sufficient to form a belief as to the truth of those allegations.

27.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 27. Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 27 for lack of present information sufficient to form a belief as to the truth of those allegations.

28.     With respect to himself, Defendant Gregory I. Law denies the allegation set forth in Paragraph 28. Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 28 for lack of present information sufficient to form a belief as to the truth of those allegations.

29.     With respect to himself, Defendant Gregory I. Law denies the allegation set forth in Sentence 1 of Paragraph 29. Mr. Law neither admits nor denies the allegations set forth in the remainder of Sentence 1 of Paragraph 29 for lack of present information sufficient to form a belief as to the truth of those allegations. Mr. Law admits the allegations set forth in the remainder of Paragraph 29.

30.     Defendant Gregory I. Law admits the allegations set forth in Sentences 1 and 2 of Paragraph 30 to the extent that the allegations fairly and reasonably paraphrase Osiris' public filing. With respect to the allegations set forth in Sentence 3 of Paragraph 30, Mr. Law admits only that Osiris disclosed material weaknesses in internal controls and restated revenue for 2014.

Mr. Law neither admits nor denies the approximate dollar amount of the revenue restatement for lack of present information sufficient to form a belief as to the truth of those allegations.

31.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in the first half of Sentence 1 of Paragraph 31.  With respect to the allegations set forth in the second half of Sentence 1 in Paragraph 31, Mr. Law admits only that Osiris reported that it restated its revenue by approximately 17 percent for the four quarters of 2014.  With respect to himself, Mr. Law denies the allegations set forth in Sentence 3 of Paragraph 31.   Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 31 for lack of present information sufficient to form a belief as to the truth of those allegations.

32.     Defendant Gregory I. Law admits the allegations set forth in Sentence 1 of Paragraph 32.   With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 32.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 32 for lack of present information sufficient to form a belief as to the truth of those allegations.

33.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 33.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 33 for lack of present information sufficient to form a belief as to the truth of those allegations.

34.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 34 for lack of present information sufficient to form a belief as to the truth of those allegations.

35.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 35.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 35 for lack of present information sufficient to form a belief as to the truth of those allegations.

36.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 36 for lack of present information sufficient to form a belief as to the truth of those allegations.

37.     Defendant Gregory I. Law denies the allegations set forth in Sentence 1 of Paragraph 37.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 37 for lack of present information sufficient to form a belief as to the truth of those allegations.

38.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 38 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the email referenced in Paragraph 38 is the best evidence of its contents.

39.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 39 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the emails referenced in Paragraph 39 are the best evidence of their contents.

40.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 40 for lack of present information sufficient to form a belief as to the truth of those

allegations.  Mr. Law further states that the email correspondence referenced in Paragraph 40 is the best evidence of its contents.

41.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 41 for lack of present information sufficient to form a belief as to the truth of those allegations.

42.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in the first half of Paragraph 42.  With respect to the allegations set forth in the second half of Paragraph 42, Mr. Law admits only that with regards to PhysioRx, Osiris reported having recognized revenue in the fourth quarter of 2014.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 42 for lack of present information sufficient to form a belief as to the truth of those allegations.

43.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 43.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 43 for lack of present information sufficient to form a belief as to the truth of those allegations.

44.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 44.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 44 for lack of present information sufficient to form a belief as to the truth of those allegations.

45.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 45.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 45 for lack of present information sufficient to form a belief as to the truth of those allegations.

46.     Defendant Gregory I. Law denies the allegations set forth in Sentence 1 of Paragraph 46.  With respect to the allegations set forth in Sentence 2 of Paragraph 46, Mr. Law admits only that the reported purchase price of the product that Physio bought was $800,000. Mr. Law further states that the product was not sold to Physio on consignment and that the email correspondence referenced in Paragraph 46 is the best evidence of its contents.

47.     Defendant Gregory I. Law denies the allegations set forth in the first half of Paragraph 47.  Mr. Law admits the allegations set forth in the remainder of Paragraph 47.

48.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 48.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 48 for lack of present information sufficient to form a belief as to the truth of those allegations.

49.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 49.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 49 for lack of present information sufficient to form a belief as to the truth of those allegations.

50.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 50.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 50 for lack of present information sufficient to form a belief as to the truth of those allegations.

51.     Defendant Gregory I. Law admits the allegations set forth in Sentences 1 and 2 of Paragraph 51.  Mr. Law further states that the letter referenced in Paragraph 51 is the best evidence of its contents.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 51.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 51 for lack of present information sufficient to form a belief as to the truth of those allegations.

52.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 52.  Mr. Law further states that the letter referenced in Paragraph 52 is the best evidence of its contents.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 52 for lack of present information sufficient to form a belief as to the truth of those allegations.

53.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 53.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 53 for lack of present information sufficient to form a belief as to the truth of those allegations.

54.     Defendant Gregory I. Law admits the allegations set forth in Sentence 1 of Paragraph 54.  Mr. Law further states that the Auditor's request was because the Auditor's work papers were deficient and incomplete.  With respect to the allegations set forth in Sentence 2 of Paragraph 54, Mr. Law admits that memoranda were drafted as part of an iterative process but states that the memoranda never were finalized.  With respect to himself, Mr. Law the allegations set forth in the remainder of Paragraph 54.  Mr. Law neither admits nor denies the allegations set

13

forth in the remainder of Paragraph 54 for lack of present information sufficient to form a belief as to the truth of those allegations.

55.     With respect to the allegations set forth in Sentence 1 of Paragraph 55, Defendant Gregory I. Law admits that memoranda were drafted as part of an iterative process but states that the memoranda never were finalized.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 55.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 55 for lack of present information sufficient to form a belief as to the truth of those allegations.

56.     With respect to the allegations set forth in Sentence 1 of Paragraph 56, Defendant Gregory I. Law admits that memoranda were drafted as part of an iterative process but states that the memoranda never were finalized.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 56.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 56 for lack of present information sufficient to form a belief as to the truth of those allegations.

57.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 57.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 57 for lack of present information sufficient to form a belief as to the truth of those allegations.

58.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 58 for lack of present information sufficient to form a belief as to the truth of those

14

allegations.  Mr. Law further states that the letter and email referenced in Paragraph 58 are the best evidence of their contents.

59.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 59 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the letter and email referenced in Paragraph 59 are the best evidence of their contents.

60.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 60 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the letter and email referenced in Paragraph 60 are the best evidence of their contents.

61.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 61 for lack of present information sufficient to form a belief as to the truth of those allegations.

62.     Defendant Gregory I. Law admits the allegations set forth in Paragraph 62.

63.     Defendant Gregory I. Law admits the allegations set forth in Sentence 1 of Paragraph 63 but with the correction that Medikon was negotiating a distributor agreement, not simply a "potential" distributor agreement.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 63.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 63 for lack of present information sufficient to form a belief as to the truth of those allegations.

15

64.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 64 for lack of present information sufficient to form a belief as to the truth of those allegations.

65.     Defendant Gregory I. law neither admits nor denies the allegation set forth in Paragraph 65 for lack of present information sufficient to form a belief as to the truth of those allegations.

66.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Sentence 1 of Paragraph 66 for lack of present information sufficient to form a belief as to the truth of those allegations.  With respect to the allegations set forth in Sentence 2 of Paragraph 66, Mr. Law admits only that Mr. Law received a copy of the executed agreements.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Sentence 2 of Paragraph 66 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the email referenced in Paragraph 66 is the best evidence of its contents.

67.     Defendant Gregory I. Law admits the allegations set forth in Sentence 1 of Paragraph 67.  Mr. Law admits the allegations set forth in Sentence 2 of Paragraph 67, except, however Mr. Law denies that Osiris' agreement to ship the products to Medikon was conditioned upon Medikon's ability to obtain required licenses, certificates, and permits.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 67 for lack of present information sufficient to form a belief as to the truth of those allegations.

68.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 68 for lack of present information sufficient to form a belief as to the truth of those allegations.

69.     Defendant Gregory I. Law admits a purchase order was not required because a contract between the parties existed and further, that by the end of the first quarter 2015 Medikon had paid Osiris $100,000.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 69 for lack of present information sufficient to form a belief as to the truth of those allegations.

70.     Defendant Gregory Law admits the allegations set forth in Paragraph 70 but denies any wrongdoing recognizing revenue at that time.

71.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 71.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 71 for lack of present information sufficient to form a belief as to the truth of those allegations.

72.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 72.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 72 for lack of present information sufficient to form a belief as to the truth of those allegations.

73.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 73.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 73 for lack of present information sufficient to form a belief as to the truth of those allegations.

74.     Defendant Gregory I. Law admits the allegations set forth in Paragraph 74.

75.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 75 for lack of present information sufficient to form a belief as to the truth of those allegations.

76.     Defendant Gregory I. Law admits allegations set forth in Sentence 1 of Paragraph 76.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 76.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 76 for lack of present information sufficient to form a belief as to the truth of those allegations.

77.     Defendant Gregory I. Law admits the allegations set forth in Sentence 3 of Paragraph 77.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 77.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 77 for lack of present information sufficient to form a belief as to the truth of those allegations.

78.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 78 for lack present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the emails referenced in Paragraph 78 are the best evidence of their contents.

79.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 79.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 79 for lack of present information sufficient to form a belief as to the truth of those allegations.

80.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 80.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 80 for lack of present information sufficient to form a belief as to the truth of those allegations.

81.     With respect to the allegations set forth in Sentence 1 of Paragraph 81, Defendant Gregory I. Law admits only that by mid-October 2015, Jacoby and Mr. Law were informed, and Montgomery was aware, that revenue would have to be decreased due to errors in accounting for revenue associated with Stryker.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 81 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the communications referenced in Paragraph 81, if they were memorialized, are the best evidence of their contents.

82.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 82 for lack of present information sufficient to form a belief as to the truth of those allegations.

83.     Defendant Gregory I. Law admits the allegations set forth in Paragraph 83.  Mr. Law further states that the email referenced in Paragraph 83 is the best evidence of its contents.

84.     With respect to the allegations set forth in Paragraph 84, Defendant Gregory I. Law admits only that Mr. Law received an email from Jacoby containing a letter purportedly from Montgomery containing a signature that Mr. Law reasonably believed to be that of Montgomery.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 84.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 84 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the emails and letter referenced in Paragraph 84 are the best evidence of their contents.

85.     Defendant Gregory I. Law admits the allegations set forth in Paragraph 85.

86.     Defendant Gregory I. Law admits the allegations set forth in Paragraph 86.

87.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 87 for lack of present information sufficient to form a belief as to the truth of those allegations.

88.     Defendant Gregory I. Law admits the allegations set forth in Sentence 1 of Paragraph 88 in that he approached the auditor with the suggestion to reverse the transaction, and the auditor agreed with him.  Mr. Law denies that the auditor made the original determination to reverse the transaction; rather, it was Mr. Law that sought to ensure the correct accounting for the transaction.  Mr. Law admits the allegations set forth in Sentence 2 of Paragraph 88.

89.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 89.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

20

Paragraph 89 for lack of present information sufficient to form a belief as to the truth of those allegations.

90.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 90 for lack of present information sufficient to form a belief as to the truth of those allegations.

91.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 91.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 91 for lack of present information sufficient to form a belief as to the truth of those allegations.

92.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 92 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the text of the agreement referenced in Paragraph 92 is the best evidence of its contents.

93.     Defendant Gregory I. Law admits the allegations set forth in Sentences 2 through 4 of Paragraph 93 but notes that Osiris would not receive information on the exact price paid and would ship directly to customer.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 93 for lack of present information sufficient to form a belief as to the truth of those allegations.

94.     Defendant Gregory I. Law admits allegations set forth in Paragraph 94.

95.     Defendant Gregory I. Law admits allegations set forth in Paragraph 95.

96.     Defendant Gregory I. Law admits allegations set forth in Sentence 1 of Paragraph 96.  Mr. Law denies the allegations set forth in Sentence 2 of Paragraph 96 as written but notes that Stryker provided data on sales for which payment was received, not on all sales made.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 96 for lack of present information sufficient to form a belief as to the truth of those allegations.

97.     Defendant Gregory I. Law admits allegations set forth in Paragraph 97.  Mr. Law admits further that Stryker should have but did not inform Osiris of sales price at time of sales or shipment.

98.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 98 for lack of present information sufficient to form a belief as to the truth of those allegations.

99.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 99 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the email referenced in Paragraph 99 is the best evidence of its contents.

100.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 100 for lack of present information sufficient to form a belief as to the truth of those allegations.

101.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 101 for lack of present information sufficient to form a belief as to the truth of those allegations.

102.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 102 for lack of present information sufficient to form a belief as to the truth of those allegations.

103.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 103 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that prior to September 2015, he had no responsibility for recognizing revenue from Stryker.

104.    Defendant Gregory I. Law is unable to determine which "reports" are referenced in Paragraph 104, and therefore denies the allegations set forth in Sentence 1 of that paragraph. Mr. Law denies the allegations set forth in the remainder of Paragraph 104.

105.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 105.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 105 for lack of present information sufficient to form a belief as to the truth of those allegations.

106.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 106.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 106 for lack of present information sufficient to form a belief as to the truth of those allegations.

107.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 107.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 107 for lack of present information sufficient to form a belief as to the truth of those allegations.

108.     Defendant Gregory I. Law admits the allegations set forth in Paragraph 108.

109.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 109 for lack of present information sufficient to form a belief as to the truth of those allegations.

110.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 110 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the email referenced in Paragraph 110 is the best evidence of its contents.

111.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 111 for lack of present information sufficient to form a belief as to the truth of those allegations.

112.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Sentence 1 of Paragraph 112 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law denies the allegations set forth in Sentence 2 of Paragraph 112 as misrepresenting the communication referenced therein.  Mr. Law further states that the referenced communication is the best evidence of its contents.

113.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 113.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

24

Paragraph 113 for lack of present information sufficient to form a belief as to the truth of those allegations.

114.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 114.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 114 for lack of present information sufficient to form a belief as to the truth of those allegations.

115.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 115.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 115 for lack of present information sufficient to form a belief as to the truth of those allegations.

116.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 116.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 116 for lack of present information sufficient to form a belief as to the truth of those allegations.

117.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 117.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 117 for lack of present information sufficient to form a belief as to the truth of those allegations.

118.     With respect to the allegations set forth in the first part of Sentence 1 of Paragraph 118, Defendant Gregory I. Law admits only that Mr. Law signed and Jacoby's name is affixed as signatory to the Form 10-Q for the third quarter of 2015 and that Mr. Law certified the Form 10-

Q for the third quarter of 2015.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 118.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 118 for lack of present information sufficient to form a belief as to the truth of those allegations.

119.     Defendant Gregory I. Law admits the allegations set forth in the first part of Sentence 1 of Paragraph 119 that Mr. Law signed the Form 8-K filed on November 20, 2015. With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 119.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 119 for lack of present information sufficient to form a belief as to the truth of those allegations.

120.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 120.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 120 for lack of present information sufficient to form a belief as to the truth of those allegations.

121.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 121.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 121 for lack of present information sufficient to form a belief as to the truth of those allegations.

122.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 122.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 122 for lack of present information sufficient to form a belief as to the truth of those allegations.

123.    Defendant Gregory I. Law is unable to determine what the term "otherwise acknowledged" refers to, and therefore neither affirms nor denies the allegations set forth in Sentence 1 of Paragraph 123.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 123.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 123 for lack of present information sufficient to form a belief as to the truth of those allegations.

124.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 124.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 124 for lack of present information sufficient to form a belief as to the truth of those allegations.

125.    Defendant Gregory I. Law admits the allegations set forth in Sentence 1 of Paragraph 125.  Mr. Law further states that the Auditor's request was because the Auditor's work papers were deficient and incomplete.  With respect to the allegations set forth in Sentence 2 of Paragraph 125, Mr. Law admits that memoranda were drafted as part of an iterative process but states that the memoranda never were finalized.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 125.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 125 for lack of present information sufficient to form a belief as to the truth of those allegations.

126.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 126.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 126 for lack of present information sufficient to form a belief as to the truth of those allegations.

127.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 127.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 127 for lack of present information sufficient to form a belief as to the truth of those allegations.

128.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 128.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 128 for lack of present information sufficient to form a belief as to the truth of those allegations.

129.    Defendant Gregory I. Law denies the allegations set forth in Sentence 1 of Paragraph 129.  Mr. Law admits the allegations set forth in Sentence 2 of Paragraph 129.  Mr. Law further states Plaintiff has not identified Distributor E.  For purposes of answering the allegations set forth in this Complaint, Mr. Law assumes Distributor E refers to Stability.  If Mr. Law's assumption is incorrect, then Mr. Law revises its answers in this Complaint to neither admit nor deny any of the allegations referring to Distributor E for lack of present information sufficient to form a belief as to the truth of those allegations.

130.    With respect to the allegations set forth in Sentence 1 of Paragraph 130, Defendant Gregory I. Law admits only that through Stability, Osiris sold product to Dover during 2014.  With respect to the allegations set forth in the first half of Sentence 2 of Paragraph 130, Mr. Law admits the product referenced therein was sold, not purportedly sold.  With respect to himself, Mr. Law denies the allegations set forth in the second half of Sentence 2 and the entirety of Sentence 3 of Paragraph 130.  Mr. Law neither admits nor denies the allegations set

forth in the remainder of Paragraph 130 for lack of present information sufficient to form a belief as to the truth of those allegations.

131.     Defendant Gregory I. Law admits the allegations set forth in Sentence 1 of Paragraph 131.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 131 for lack of present information sufficient to form a belief as to the truth of those allegations.

132.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Sentences 1 and 2 of Paragraph 132.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 132 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the email referenced in Paragraph 132 is the best evidence of its contents.

133.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Sentence 1 of Paragraph 133 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law denies the allegations set forth in Sentence 2 of Paragraph 133.  Mr. Law admits the allegation set forth in Sentence 3 of Paragraph 133.

134.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 134 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the emails referenced in Paragraph 134 are the best evidence of their contents.

135.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 135.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 135 for lack of present information sufficient to form a belief as to the truth of those allegations.

136.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 136.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 136 for lack of present information sufficient to form a belief as to the truth of those allegations.

137.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 137 for lack of present information sufficient to form a belief as to the truth of those allegations.

138.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 138.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 138 for lack of present information sufficient to form a belief as to the truth of those allegations.

139.     Defendant Gregory I. Law denies the allegations set forth in Sentence 1 of Paragraph 139.  Mr. Law states further that the Form 10-K/A for the year ended 2014 was filed in 2017.  Mr. Law neither admits nor denies the allegations set forth in Sentence 2 of Paragraph 139 for lack of present information sufficient to form a belief as to the truth of those allegations.

140.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 140 for lack of present information sufficient to form a belief as to the truth of those allegations.

141.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 141 for lack of present information sufficient to form a belief as to the truth of those allegations.

142.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 142 for lack of present information sufficient to form a belief as to the truth of those allegations.

143.    Defendant Gregory I. Law is unable to determine to what the term "otherwise acknowledged" refers to and therefore neither admits nor denies the allegations set forth in Sentence 1 of Paragraph 143 for lack of present information sufficient to form a belief as to the truth of those allegations.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 143.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 143 for lack of present information sufficient to form a belief as to the truth of those allegations.

144.    Defendant Gregory I. Law denies the allegations set forth in Paragraph 144.

145.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 145 for lack of present information sufficient to form a belief as to the truth of those allegations.

146.    With respect to himself, Defendant Gregory I. Law admits the allegations set forth in Sentence 1of Paragraph 146.  Mr. Law further states that Mr. Law believed that Jacoby and Marie Suri informed the Auditor of the information referenced in Sentence 1 of Paragraph 146 in October or November of 2015.  Mr. Law neither admits nor denies the allegations set forth in the

31

remainder of Paragraph 146 for lack of present information sufficient to form a belief as to the truth of those allegations.

147.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 147.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 147 for lack of present information sufficient to form a belief as to the truth of those allegations.

148.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 148.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 148 for lack of present information sufficient to form a belief as to the truth of those allegations.

149.    Defendant Gregory I. Law states that he was not an Osiris employee until November 17, 2014, and therefore neither admits nor denies the allegations set forth in the Paragraph 149 for lack of present information sufficient to form a belief as to the truth of those allegations.

150.    Defendant Gregory I. Law states that he was not an Osiris employee until November 17, 2014, and therefore neither admits nor denies the allegations set forth in the Paragraph 150 for lack of present information sufficient to form a belief as to the truth of those allegations.

151.    Defendant Gregory I. Law states that he was not an Osiris employee until November 17, 2014, and therefore neither admits nor denies the allegations set forth in the

Paragraph 151 for lack of present information sufficient to form a belief as to the truth of those allegations.

152.    Defendant Gregory I. Law states that he was not an Osiris employee until November 17, 2014, and therefore neither admits nor denies the allegations set forth in the remainder of Paragraph 152 for lack of present information sufficient to form a belief as to the truth of those allegations.

153.    Defendant Gregory I. Law states that he was not an Osiris employee until November 17, 2014, and therefore neither admits nor denies the allegations set forth in Paragraph 153 for lack of present information sufficient to form a belief as to the truth of those allegations.

154.    Defendant Gregory I. Law states that he was not an Osiris employee until November 17, 2014, and therefore neither admits nor denies the allegations set forth in Paragraph 154 for lack of present information sufficient to form a belief as to the truth of those allegations.

155.    Defendant Gregory I. Law admits the allegations set forth in Sentences 1 and 3 of Paragraph 155.  With respect to himself, Mr. Law denies the allegations set forth in Sentences 2 and 4 of Paragraph 155.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 155 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the document referenced in Sentence 5 of Paragraph 155 is the best evidence of its contents.

156.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Sentences 1 and 6 of Paragraph 156.  Mr. Law admits the allegations set forth in Sentences 2 and 7 of Paragraph 156.  With respect to the allegations set forth in Sentence 3 of Paragraph 156, Mr. Law admits only that Debrabandere's name is affixed as signatory to and as having certified Osiris' Form 10-K for the fourth quarter and year ended December 31, 2014.  With respect to the allegations set forth in Sentence 5 of Paragraph 156, Mr. Law admits only that Jacoby's name is affixed as signatory to and as having certified Osiris' Form 10-K for the fourth quarter and year ended December 31, 2014.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 156 for lack of present information sufficient to form a belief as to the truth of those allegations.

157.    Defendant Gregory I. Law admits the allegations set forth in Sentences 1 and 4 of Paragraph 157.  With respect to himself, Mr. Law denies the allegations set forth in Sentences 2, 3 and 5 of Paragraph 157.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 157 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the document referenced in Sentence 6 of Paragraph 157 is the best evidence of its contents.

158.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Sentences 1 and 6 of Paragraph 158.  Mr. Law admits the allegations set forth in Sentences 2 and 7 of paragraph 158.  With respect to the allegations set forth in Sentence 3 of Paragraph 158, Mr. Law admits only that Debrabandere's name is affixed as having certified Osiris' Form 10-Q for the first quarter of 2015.  With respect to the allegations set forth in Sentence 5 of Paragraph 158, Mr. Law admits only that Jacoby's name is affixed as signatory to and as having certified

Osiris' Form 10-Q for the first quarter of 2015.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 158 for lack of present information sufficient to form a belief as to the truth of those allegations.

159.    Defendant Gregory I. Law admits the allegations set forth in Sentences 1 and 4 of Paragraph 159.  With respect to himself, Mr. Law denies the allegations set forth in Sentences 2, 3 and 5 of Paragraph 159.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 159 for lack of present information sufficient to form a belief as to the truth of those allegations.  Mr. Law further states that the document referenced in Sentence 6 of Paragraph 159 is the best evidence of its contents.

160.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Sentences 1 and 6 of Paragraph 160.  Mr. Law admits the allegations set forth in Sentences 2 and 7 of Paragraph 160.  With respect to the allegations set forth in Sentence 3 of Paragraph 160, Mr. Law admits only that Debrabandere's name is affixed as having certified Osiris' Form 10-Q for the second quarter of 2015.  With respect to the allegations set forth in Sentence 5 of Paragraph 160, Mr. Law admits only that Jacoby's name is affixed as signatory to and as having certified Osiris' Form 10-Q for the second quarter of 2015.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 160 for lack of present information sufficient to form a belief as to the truth of those allegations.

161.    Defendant Gregory I. Law admits the allegations set forth in Sentence 4 of Paragraph 161.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 161.  Mr. Law neither admits nor denies the allegations set forth in the

remainder of Paragraph 161 for lack of present information sufficient to form a belief as to the truth of those allegations.

162.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Sentences 1 and 4 of Paragraph 162.  Mr. Law admits the allegations set forth in Sentences 2 and 7 of Paragraph 162.  With respect to the allegations set forth in Sentence 3 of Paragraph 162, Mr. Law admits only that Debrabandere's name is affixed as having certified Osiris' Form 10-Q for the third quarter of 2015.  With respect to the allegations set forth in Sentence 5 of Paragraph 162, Mr. Law admits only that Mr. Law signed and certified Osiris' Form 10-Q for the third quarter of 2015.  Mr. Law denies the allegations set forth in the remainder of Sentence 5 of Paragraph 162.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 162 for lack of present information sufficient to form a belief as to the truth of those allegations.

163.     Defendant Gregory I. Law admits the allegations set forth in Sentence 1 of Paragraph 163.  With respect to himself, Mr. Law denies the allegations set forth in Sentence 2 of Paragraph 163.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Sentence 2 of Paragraph 163 for lack of present information sufficient to form a belief as to the truth of those allegations.

164.     Defendant Gregory I. Law admits the allegations set forth in Sentence 3 of Paragraph 164.  With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 164.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 164 for lack of present information sufficient to form a belief as to the truth of those allegations.

165.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 165.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 165 for lack of present information sufficient to form a belief as to the truth of those allegations.

166.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 166.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 166 for lack of present information sufficient to form a belief as to the truth of those allegations.

167.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 167.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 167 for lack of present information sufficient to form a belief as to the truth of those allegations.

168.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 168.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 168 for lack of present information sufficient to form a belief as to the truth of those allegations.

169.    Defendant Gregory I. Law admits Subpart K of Paragraph 169.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 169 for lack of present information sufficient to form a belief as to the truth of those allegations.

170.    Defendant Gregory I. Law denies the allegations set forth in Sentence 1 of Paragraph 170, and each of its subparts, except as specifically noted below.  Answering further,

Mr. Law denies he engaged in any deceptive acts.  Mr. Law denies the allegations set forth in

Subpart A of Paragraph 170 as written.  Mr. Law further states that Osiris had actual transactions

with Medikon, not "purported" transactions.  Mr. Law denies the allegations set forth in Subparts

B, C, D and E of Paragraph 170.  Mr. Law admits allegations set forth in Subpart F of Paragraph

170 to the extent of having signed management representation letters.  Mr. Law denies the letters

contained material false and misleading statements and omissions.  With respect to the

allegations set forth in Subpart G of Paragraph 170, Mr. Law admits that memoranda were

drafted as part of an iterative process but states that the memoranda never were finalized.  Mr.

Law denies that the memoranda contained material false and misleading statements and

omissions.  Mr. Law admits the allegations set forth in Subpart H of Paragraph 170.

171.    Defendant Gregory I. Law admits Subpart G of Paragraph 171.  Mr. Law neither

admits nor denies the allegations set forth in the remainder of Paragraph 171 for lack of present

information sufficient to form a belief as to the truth of those allegations.

172.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth

in Paragraph 172.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 172 for lack of present information sufficient to form a belief as to the truth of those

allegations.

173.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in

Paragraph 173 for lack of present information sufficient to form a belief as to the truth of those

allegations.

174.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 174 for lack of present information sufficient to form a belief as to the truth of those allegations.

175.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 175 for lack of present information sufficient to form a belief as to the truth of those allegations.

176.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 176 for lack of present information sufficient to form a belief as to the truth of those allegations.

177.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 177 for lack of present information sufficient to form a belief as to the truth of those allegations.

178.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 178.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 178 for lack of present information sufficient to form a belief as to the truth of those allegations.

179.    Defendant Gregory I. Law admits the allegations set for in the first half of Sentence 1 of Paragraph 179 that Mr. Law signed certain management representation letters. With respect to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 179.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 179 for lack of present information sufficient to form a belief as to the truth of those allegations.

180.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 180.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 180 for lack of present information sufficient to form a belief as to the truth of those allegations.

181.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 181.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 181 for lack of present information sufficient to form a belief as to the truth of those allegations.

182.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 182 for lack of present information sufficient to form a belief as to the truth of those allegations.

183.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Sentence 1 and Subparts A through D of Paragraph 183.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 183 for lack of present information sufficient to form a belief as to the truth of those allegations.

184.     No answer is needed for Paragraph 184 because Paragraph 184 purports to merely restate Federal Rules and Regulations.  Further, the referenced Rules are the best evidence of their content.  To the extent that an Answer is required, Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 184 for lack of present information sufficient to form a belief as to the truth of those allegations.

185.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 185.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 185 for lack of present information sufficient to form a belief as to the truth of those allegations.

186.    Defendant Gregory I. Law admits the allegations set for in Sentence 3 of Paragraph 186.  With the regards to himself, Mr. Law denies the allegations set forth in the remainder of Paragraph 186.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 186 for lack of present information sufficient to form a belief as to the truth of those allegations.

187.    No answer is needed for Paragraph 187 because Paragraph 187 purports to merely restate Federal Rules and Regulations.  Further, the referenced Rules are the best evidence of their content.  To the extent that an Answer is required, Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 187 for lack of present information sufficient to form a belief as to the truth of those allegations.

188.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 188.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 188 for lack of present information sufficient to form a belief as to the truth of those allegations.

189.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 189.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 189 for lack of present information sufficient to form a belief as to the truth of those allegations.

190.     No answer is needed for Paragraph 190 because Paragraph 190 purports to merely restate Federal Rules and Regulations.  Further, the referenced Rules are the best evidence of their content.  To the extent that an Answer is required, Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 190 for lack of present information sufficient to form a belief as to the truth of those allegations.

191.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 191.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 191 for lack of present information sufficient to form a belief as to the truth of those allegations.

192.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 192.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 192 for lack of present information sufficient to form a belief as to the truth of those allegations.

193.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 193.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 193 for lack of present information sufficient to form a belief as to the truth of those allegations.

194.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 194.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 194 for lack of present information sufficient to form a belief as to the truth of those allegations.

195.     No answer is needed for Paragraph 195 because Paragraph 195 purports to merely restate Federal Rules and Regulations.  Further, the referenced Rules are the best evidence of their content.  To the extent that an Answer is required, Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 195 for lack of present information sufficient to form a belief as to the truth of those allegations.

196.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 196 for lack of present information sufficient to form a belief as to the truth of those allegations.

197.     Defendant Gregory I. Law admits the allegations set forth in Sentence 1 of Paragraph 197.  Mr. Law denies the allegations set forth in the remainder of Paragraph 197.

198.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 198 for lack of present information sufficient to form a belief as to the truth of those allegations.

199.     Defendant Gregory I. Law admits the allegations set forth in Paragraph 199.

200.     Defendant Gregory I. Law admits the allegations set forth in Sentences 1 and 2 of Paragraph 200.  Mr. Law neither admits nor denies the allegations set forth in Sentence 3 of Paragraph 200 for lack of present information sufficient to form a belief as to the truth of those allegations.

## FIRST CLAIM FOR RELIEF

**Fraud – Violation of Exchange Act Section 10(b) and Rule 10b-5 Thereunder
[15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]
(Against Osiris, Jacoby, Law, And Debrabandere)**

201.     Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraphs 1 through 200, as though fully set-forth herein.

202.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 202.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 202 for lack of present information sufficient to form a belief as to the truth of those allegations.

203.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 203.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 203 for lack of present information sufficient to form a belief as to the truth of those allegations.

## SECOND CLAIM FOR RELIEF

**Fraud – Aiding and Abetting Osiris' Violations of Exchange Act Section 10(b) and Rule
10b-5 Thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]
(Against Montgomery and. Alternatively Against Jacoby, Law, and Debrabandere)**

204.     Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraphs 1 through 203, as though fully set-forth herein.

205.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 205.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 205 for lack of present information sufficient to form a belief as to the truth of those allegations.

206.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 206 for lack of present information sufficient to form a belief as to the truth of those allegations.

207.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 207.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 20 for lack of present information sufficient to form a belief as to the truth of those allegations.

208.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 208.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 208 for lack of present information sufficient to form a belief as to the truth of those allegations.

## THIRD CLAIM FOR RELIEF

**Fraud – Control Person Liability under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)] for Osiris' Violations of Exchange Act Section 10(b) and Rule 10b-5 Thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]
(Alternatively, Against Debrabandere)**

209.    Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraph 1 through 208, as though fully set-forth herein.

210.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 210.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 210 for lack of present information sufficient to form a belief as to the truth of those allegations.

211.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 211 for lack of present information sufficient to form a belief as to the truth of those allegations.

212.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 212 for lack of present information sufficient to form a belief as to the truth of those allegations.

**FOURTH CLAIM FOR RELIEF**

**Fraud in Offer or Sale of Securities – Violations of Section 17(a) of the Securities Act [15 U.S.C. § 7q(a)]
(Against Osiris, Jacoby, Law, and Debrabandere)**

213.     Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraphs 1 through 212, as though fully set-forth herein.

214.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 214 for lack of present information sufficient to form a belief as to the truth of those allegations.

215.     Defendant Gregory I. Law denies the allegations set forth in Paragraph 215.

216.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 216.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 216 for lack of present information sufficient to form a belief as to the truth of those allegations.

## FIFTH CLAIM FOR RELIEF

**Fraud in Offer of Sale of Securities – Aiding and Abetting Osiris' Violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]
(Against Montgomery as to 17(a)(1) and (3); Against Law as to 17(a)(2) and alternatively against Law as to 17(a)(1) and (3); and Alternatively, against Jacoby and Debrabandere as to 17(a)(1), (2), and (3))**

217.    Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraph 1 through 216, as though fully set-forth herein.

218.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 218.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 218 for lack of present information sufficient to form a belief as to the truth of those allegations.

219.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 219 for lack of present information sufficient to form a belief as to the truth of those allegations.

220.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 220.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 220 for lack of present information sufficient to form a belief as to the truth of those allegations.

221.    With respect to himself, Defendant Gregory I. Law denies the allegation set forth in Paragraph 221.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 221 for lack of present information sufficient to form a belief as to the truth of those allegations.

## SIXTH CLAIM FOR RELIEF

**Deceit of Auditors – Violations of Rule 13b2-2 of the Exchange Act [17 C.F.R § 240.13b2-2]
(Against Jacoby, Law, Debrabandere, and Montgomery)**

222.     Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraphs 1 through 221, as though fully set-forth herein.

223.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 223.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 223 for lack of present information sufficient to form a belief as to the truth of those allegations.

224.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 224.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 224 for lack of present information sufficient to form a belief as to the truth of those allegations.

## SEVENTH CLAIM FOR RELIEF

**Falsified Books, Records, or Accounts – Violations of Section 13(b)(5) of the Exchange Act
and Rule 13b2-1 Thereunder [15 U.S.C. § 78m(b)(5) and 17 C.F.R § 240.13b2-1]
(Against Jacoby, Law, Debrabandere, and Montgomery)**

225.     Defendant Gregory I. Law realleges and incorporates by reference his Answer to Paragraphs 1 through 224, as though fully set-forth herein.

226.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 226.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 226 for lack of present information sufficient to form a belief as to the truth of those allegations.

227.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 227.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 227 for lack of present information sufficient to form a belief as to the truth of those allegations.

## EIGHTH CLAIM FOR RELIEF

### False Certifications – Violations of Rule 13a-14 of the Exchange Act
### (17 C.F.R § 240.13a-14]
### (Against Jacoby, Law, and Debrabandere)

228.     Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraphs 1 through 228, as though fully set-forth herein.

229.     Defendant Gregory I. Law admits the allegations set forth in Sentence 1 of Paragraph 229.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 229 for lack of present information sufficient to form a belief as to the truth of those allegations.

230.     Defendant Gregory I. Law admits the allegations set forth in Sentence 1 of Paragraph 230.  Mr. Law denies the allegations set forth in the remainder of Paragraph 230.

231.     Defendant Gregory I. Law admits the allegations set forth in Sentence 1 of Paragraph 231.  Mr. Law neither admits nor denies the allegations set forth in the remainder of

Paragraph 231 for lack of present information sufficient to form a belief as to the truth of those allegations.

232.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 232 for lack of present information sufficient to form a belief as to the truth of those allegations.

## NINTH CLAIM FOR RELIEF

**False SEC Filings – Violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13]**
**(Against Osiris)**

233.     Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraphs 1 through 232, as though fully set-forth herein.

234.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 234 for lack of present information sufficient to form a belief as to the truth of those allegations.

235.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 235 for lack of present information sufficient to form a belief as to the truth of those allegations.

## TENTH CLAIM FOR RELIEF

**False SEC Filings – Aiding and Abetting Violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13]**
**(Against Jacoby, Law, and Debrabandere)**

236.     Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraphs 1 through 235, as though fully set-forth herein.

237.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 237.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 237 for lack of present information sufficient to form a belief as to the truth of those allegations.

238.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 238.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 238 for lack of present information sufficient to form a belief as to the truth of those allegations.

239.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 239.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 239 for lack of present information sufficient to form a belief as to the truth of those allegations.

## ELEVENTH CLAIM FOR RELIEF

**False SEC Filings – Control Person Liability under Section 20(a) of the Exchange Act [15 U.S.C § 78t(a)] for Osiris' Violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13 [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13]**
**(Alternatively, Against Debrabandere)**

240.     Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraphs 1 through 239, as fully set-forth herein.

241.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 241.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 241 for lack of present information sufficient to form a belief as to the truth of those allegations.

242.     Defendant Gregory I. Law admits the allegations set forth in the first half of Sentence 1 of Paragraph 242.  Mr. Law neither admits nor denies the allegations set forth in the second half of Sentence 1 of Paragraph 242 for lack of present information sufficient to form a belief as to the truth of those allegations.

243.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 243 for lack of present information sufficient to form a belief as to the truth of those allegations.

## TWELFTH CLAIM FOR RELIEF

### False Books and Records – Violations of Section 13(b)(2) of the Exchange Act
### [15 U.S.C § 78m(b)(2)]
### (Against Osiris)

244.     Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraphs 1 through 243, as though fully set-forth herein.

245.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 245.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 245 for lack of present information sufficient to form a belief as to the truth of those allegations.

246.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in
Paragraph 246 for lack of present information sufficient to form a belief as to the truth of those
allegations.

## THIRTEENTH CLAIM FOR RELIEF

**False Books and Records – Aiding and Abetting Osiris' Violations of Section 13(b)(2) of the
Exchange Act [15 U.S.C. § 78m(b)(2)]
(Against Jacoby, Law, and Debrabandere)**

247.     Defendant Gregory I. law realleges and incorporates by reference his Answers to
Paragraphs 1 through 246, as though fully set-forth herein.

248.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth
in Paragraph 248.  Mr. Law neither admits nor denies the allegations set forth in the remainder of
Paragraph 248 for lack of present information sufficient to form a belief as to the truth of those
allegations.

249.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth
in Paragraph 249.  Mr. Law neither admits nor denies the allegations set forth in the remainder of
Paragraph 249 for lack of present information sufficient to form a belief as to the truth of those
allegations.

250.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth
in Paragraph 250.  Mr. Law neither admits nor denies the allegations set forth in the remainder of
Paragraph 250 for lack of present information sufficient to form a belief as to the truth of those
allegations.

## FOURTEENTH CLAIM FOR RELIEF

**False Books and Records – Control Person Liability under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a) for Osiris' Violations of Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]**
**(Alternatively, Against Debrabandere)**

251.     Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraphs 1 through 250, as though fully set-forth herein.

252.     With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 252.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 252 for lack of present information sufficient to form a belief as to the truth of those allegations.

253.     Defendant Gregory I. Law admits the allegations set forth in the first half of Sentence 1 of Paragraph 253.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 253 for lack of present information sufficient to form a belief as to the truth of those allegations.

254.     Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 254 for lack of present information sufficient to form a belief as to the truth of those allegations.

## FIFTEENTH CLAIM FOR RELIEF

**Failure to Reimburse – Violation of Section 304(a) of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243(a)]**
**(Against Jacoby and Debrabandere)**

255.     Defendant Gregory I. Law realleges and incorporates by reference his Answers to Paragraphs 1 through 254, as though fully set-forth herein.

256.    With respect to himself, Defendant Gregory I. Law denies the allegations set forth in Paragraph 256.  Mr. Law neither admits nor denies the allegations set forth in the remainder of Paragraph 256 for lack of present information sufficient to form a belief as to the truth of those allegations.

257.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 257 for lack of present information sufficient to form a belief as to the truth of those allegations.

258.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 258 for lack of present information sufficient to form a belief as to the truth of those allegations.

259.    Defendant Gregory I. Law neither admits nor denies the allegations set forth in Paragraph 259 for lack of present information sufficient to form a belief as to the truth of those allegations.

## **AFFIRMATIVE DEFENSES**

Defendant Gregory I. Law asserts the following affirmative and other defenses.  Mr. Law does not assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.  Mr. Law reserves the right to assert in the future such other and further defenses as may become available or apparent during pretrial proceedings.

### First Affirmative Defense

Plaintiff fails to state a claim, in whole or in part, against Mr. Law upon which relief may be granted.

### Second Affirmative Defense

Plaintiff fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) against Mr. Law.

### Third Affirmative Defense

Mr. Law cannot be held liable for any misrepresentations or omissions that he did not make.

### Fourth Affirmative Defense

Plaintiff fails to allege that Mr. Law made any material false or misleading statements or omissions.

### Fifth Affirmative Defense

If any misrepresentation or omission alleged to have been made by Mr. Law was in fact made, such misrepresentation or omission was not material.

### Sixth Affirmative Defense

Plaintiff fails to allege that Mr. Law acted with the requisite scienter and/or mental state that is necessary under the circumstances for him to be held liable.

### Seventh Affirmative Defense

Mr. Law did not act with the requisite scienter because notwithstanding any alleged misrepresentation or omission, Mr. Law lacked fraudulent, deceptive, or manipulative intent,

acted in good faith, and/or acted in good faith reliance on the advice of counsel or accounting professionals.

## Eighth Affirmative Defense

Mr. Law relied in good faith upon the professional judgments and opinions of legal professionals to the extent provided or to the extent those judgments and opinions were refused to be provided.

## Ninth Affirmative Defense

Mr. Law relied in good faith upon the professional judgments and opinions of internal and external accounting professionals to the extent provided or to the extent those judgments and opinions were refused to be provided.

## Tenth Affirmative Defense

Osiris, as well as Mr. Law, reasonably relied on the work performed by its then outside auditor. The Public Company Accounting Oversight Board ("PCAOB") selected the audit of Osiris by the outside auditor for review. As a result of that review, the PCAOB informed the outside auditor that the outside auditor failed to comply with proper auditing standards.

## Eleventh Affirmative Defense

The books, records, and accounts of Osiris, and as published in public filings, during Mr. Law's tenure as CFO and Principal Accounting Officer, in reasonable detail, accurately and fairly reflected the transactions and dispositions of the assets of the issuer.

## Twelfth Affirmative Defense

During Mr. Law's tenure as CFO and Principal Accounting Officer, Osiris devised and maintained a system of internal accounting controls sufficient to provide reasonable assurances that Osiris (i) executed transactions in accordance with management's general or specific authorization; (ii) recorded transactions as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) permitted access to assets only in accordance with management's general or specific authorization; and (iv) compared the recorded accountability for assets with the existing assets at reasonable intervals and took appropriate action with respect to any differences.

### Thirteenth Affirmative Defense

Mr. Law did not knowingly circumvent or knowingly fail to implement a system of internal accounting controls or knowingly falsify any book, record, or account of Osiris.

### Fourteenth Affirmative Defense

The nature of Osiris' business necessitated a system of internal accounting controls requiring many different Osiris employees working in various aspects of Osiris' business, including but not limited to, legal, compliance, sales, customer service, and accounting to gather, aggregate, and process a vast amount of information.  Mr. Law cannot be held liable when unbeknownst to him, others knowingly circumvented or knowingly failed to implement the system of internal accounting controls or knowingly falsified, misrepresented, or omitted relevant information pertaining to any book, record, or account of Osiris.

### Fifteenth Affirmative Defense

58

Mr. Law fully complied with industry practice and all then-existing rules and regulations of the SEC and other regulators.

### Sixteenth Affirmative Defense

The purported claims against Mr. Law and the allegations upon which they are based are improperly vague, ambiguous and confusing, and omit critical facts.

### Seventeenth Affirmative Defense

Mr. Law did not obtain money or property as a result of any alleged improper practices related to the Complaint.

### Eighteenth Affirmative Defense

Mr. Law did not have a duty to disclose any information he allegedly omitted.

### Nineteenth Affirmative Defense

Any alleged harm, if caused, was not proximately caused by Mr. Law.

### Twentieth Affirmative Defense

Plaintiff's alleged claims and violations of law and regulations are based upon the actions, representations, and/or omissions of other individuals and/or entities, and not Mr. Law.

### Twenty-First Affirmative Defense

Any damages alleged to have occurred as a proximate result of the allegations and claims in the Complaint were caused by the actions of other individuals and/or entities, and not by Mr. Law.

### Twenty-Second Affirmative Defense

59

Mr. Law became an Osiris employee on November 17, 2014, and accordingly, cannot be held liable for allegations and claims in the Complaint relating to any timeframe prior to November 17, 2014.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## PRAYER FOR RELIEF

Based upon the foregoing, Defendant Gregory I. Law requests that this Court dismiss this action against Mr. Law in its entirety with prejudice, deny any relief or request for judgment on behalf of the Plaintiff, and award Mr. Law reasonable attorneys' fees and costs.  Mr. Law requests any other and further relief as may be appropriate, or that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant Gregory I. Law hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 31st day of January 2018.

_____/s/_____
Jacob S. Frenkel, Bar No. 18388
Dickinson Wright PLLC
1825 I St., N.W., Suite 900
Washington, DC 20006
E: jfrenkel@dickinsonwright.com
P: 202-466-5953
F: 844-670-6009

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff** | **Civil Action No: 1:17-cv-03230-CCB** |
| **v.** | |
| **PHILIP R. JACOBY, JR., et al.** | **Jury Trial Demanded** |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2018, I electronically filed the foregoing paper with the Clerk of the U.S. District Court for the District of Maryland using the CM/ECF system; which will send notification to all counsel on record by CM/ECF.  In addition, I certify that I have sent electronic copies of the foregoing paper via email to the following defendant known to me to be unrepresented by an attorney in this case:

Philip R. Jacoby, Jr. at prjacobyjr@gmail.com.

| | |
|---|---|
| January 31, 2018 | /s/ |
| Date | Jacob S. Frenkel, Bar No. 18388 |
| | Dickinson Wright PLLC |
| | 1825 I St., N.W., Suite 900 |
| | Washington, DC 20006 |
| | E: jfrenkel@dickinsonwright.com |
| | P: 202-466-5953 |
| | F: 844-670-6009 |