**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

                                    Plaintiff,

v.

PHILIP R. JACOBY, JR., *et al.*,

                                    Defendants.

Case No. 1:17-cv-03230-CCB

## UNOPPOSED MOTION TO TAKE DEPOSITION OUTSIDE THE FACT DISCOVERY PERIOD AND MEMORANDUM IN SUPPORT

Defendants Lode B. Debrabandere, Philip R. Jacoby, Jr., and Bobby Dwayne Montgomery (collectively, "Moving Defendants") move the Court for leave to take the deposition of Defendant Gregory I. Law outside the fact discovery period. Defendant Law and Plaintiff Securities and Exchange Commission ("SEC") do not oppose this Motion. Pursuant to Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). In support of this motion and as good cause, the Moving Defendants state the following:

1.      The SEC included Mr. Law on its initial fact witness list in September 2018, and the Moving Defendants have proceeded in discovery with the understanding that Mr. Law would be deposed by the SEC as a defendant and an adverse witness.

2.      The SEC first issued a notice for Mr. Law's deposition on March 25, 2019, and it subsequently issued multiple amended notices to change the date or location of the deposition, eventually rescheduling it for September 25, 2019, two days before the fact discovery cutoff.

3.      On September 19, 2019, three business days prior to the deposition, the SEC informed the Moving Defendants that it was dismissing its claims against Mr. Law and withdrawing its notice of Mr. Law's deposition.

4.      The Moving Defendants had been aware that, in July 2019, the SEC had discussed with Mr. Law the possibility of resolving the claims against him, but the Moving Defendants had no indication that there would be any resolution (let alone that it was imminent). To the contrary, Mr. Law continued to participate as a defendant in the litigation by filing a motion to compel on August 30, 2019 (ECF No. 90) and cross-examining SEC witnesses at depositions (including as recently as Tuesday, September 17, 2019).   Therefore, the Moving Defendants had no reason to think that they would need to cross-notice the deposition of Mr. Law, a co-defendant who shared a common interest in developing evidence that undermined the SEC's allegations and claims against all defendants.  Moreover, given the number and breadth of the SEC's allegations against Mr. Law in the Amended Complaint, the Moving Defendants reasonably believed that the SEC would examine Mr. Law on all relevant transactions and topics and that there would be no scope issues relating to cross-examination by the Moving Defendants. ECF No. 38 (Amended Complaint showing that the SEC names Mr. Law in 104 of the 259 paragraphs, more than all but one of the other defendants).

5.      No prejudice will result to any party or non-party, as both the SEC and Mr. Law have confirmed that they do not oppose this motion.   On the other hand, if the Moving Defendants are not permitted to take the deposition of Mr. Law, the SEC's cancellation of Mr. Law's deposition could deprive the Moving Defendants of important discovery relating to a key witness, and the Moving Defendants would be prejudiced.

6.      Finally, granting the Moving Defendants' motion will not result in any delay.  In its recent motion to take the depositions of multiple witnesses after the fact discovery deadline, the SEC noted that it was not seeking a "wholesale extension of discovery" and that the depositions would not impact any deadline in the case.  ECF No. 91.  The same is true with respect to the Moving Defendants' motion.  And, the Moving Defendants are only asking the Court for leave to take Mr. Law's deposition in October 2019 or within 30 days of the date of any order on this motion (whichever is later), which is the same relief that the SEC sought for its depositions.  Given that the Court granted the SEC's unopposed motion (ECF No. 93), the Moving Defendants respectfully request that the Court grant their unopposed motion as well.

For the foregoing reasons and good cause shown, the Moving Defendants respectfully request that the Court grant this Motion and allow the Moving Defendants to take Mr. Law's deposition after the discovery deadline.


Dated:  September 23, 2019                     Respectfully submitted,



                                               /s/ John A. Freedman
                                               John A. Freedman (Bar No. 20276)
                                               Michael D. Trager (*pro hac vice*)
                                               Adam J. Reinhart (*pro hac vice*)
                                               Arnold & Porter Kaye Scholer LLP
                                               601 Massachusetts Avenue, N.W.
                                               Washington, DC 20001
                                               Tel: (202) 942-5000
                                               Fax: (202) 942-5999
                                               michael.trager@apks.com
                                               john.freedman@apks.com
                                               adam.reinhart@apks.com

                                               *Counsel for Dr. Lode B. Debrabandere*

/s/ Daniel C. Sale
Daniel C. Sale (Bar No. 29559)
Carmen Lawrence (*pro hac vice*)
William Johnson (*pro hac vice*)
Edmund P. Power (*pro hac vi*ce)
King & Spalding LLP
1700 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006
202-737-0500 (phone)
202-626-3737 (fax)
dsale@kslaw.com
clawrence@kslaw.com
wjohnson@kslaw.com
epower@kslaw.com

*Counsel for Philip R. Jacoby, Jr.*


/s/ Stephen J. Crimmins
Stephen J. Crimmins (Bar No. 19123)
Lionel Andre (*pro hac vice*)
**Murphy & McGonigle P.C.**
1001 G Street NW, Seventh Floor
Washington, DC 20001
(202) 661-7031 (Crimmins)
(202) 661-7039 (Andre)
(202) 661-7059 (fax)
scrimmins@mmlawus.com
landre@mmlawus.com

*Counsel for Dwayne Montgomery*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 23, 2019, I electronically filed the foregoing document and accompanying proposed order with the Court using the ECF system, which will send notification of such filing to ECF-registered counsel.

/s/ Adam J. Reinhart