IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | * | |
| Plaintiff | * | |
| v. | * | Case No. 17-cv-03230-CCB |
| PHILIP R. JACOBY, JR. *et al.*, | * | Jury trial demanded |
| Defendants | * | |

**SEC'S OPPOSITION TO DEFENDANT LODE B. DEBRABANDERE'S
MOTION FOR LEAVE TO FILE A SURREPLY**

Plaintiff, Securities and Exchange Commission, hereby files this response in opposition to Defendant Lode B. Debrabandere's Motion for Leave to File a Surreply in Response to Plaintiff's Reply in Support of its Motion for Partial Summary Judgment ("Motion") [Doc. 189]. As detailed below, the surreply does not respond to an issue raised for the first time in the SEC's reply brief. Thus, a surreply is improper, and the Motion should be denied.[1]

"Surreplies are highly disfavored in this District." *Roach v. Navient Solutions, Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015). "'Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing

---

[1] Dr. Debrabandere also reiterated his request for oral argument on the motion for partial summary judgment. *See* Doc. 188. The SEC notes that defendants requested, and received, a page limit significantly in excess of that provided for in the local rules for their responses to the SEC's motions for summary judgment. The defendants were permitted, and made, responses longer than the SEC's original memoranda in support of its motions. Dr. Debrabandere has had ample opportunity to make his points, and the SEC does not believe oral argument is necessary. Nor does Dr. Debrabandere have a right to oral argument. There is no requirement that a ruling on a motion for summary judgment be preceded by a hearing. *Sakaria v. Trans World Airlines*, 8 F.3d 164, 169 (4th Cir.1993), *cert. denied*, 511 U.S. 1083 (1994); *see also* D. Md. L. R. 105.6 ("Unless otherwise ordered by the Court, however, all motions shall be decided on the memoranda without a hearing."); *United States Fidelity and Guaranty Co. v. Lawrenson*, 334 F.2d 464, 466-67 (4th Cir.), *cert. denied*, 379 U.S. 869 (1964). (Interpreting L. R. 105.6: "it is still within the discretion of the court to grant or refuse a request for a hearing. A court is, of course, the best judge of its own rules. But even more importantly, rule 78 of the Federal Rules of Civil Procedure, the source of authority for [the local rule], makes it clear that hearings on dmotions are to be in the discretion of the district courts....").

1

party's reply.'" *Friends of Lubavitch v. Baltimore County*, 421 F. Supp. 3d 146, 158 n.7 (D. Md. 2019) (quoting *CapitalSource Fin. LLC v. B & B Contractors, Inc.*, No. CIV.A. DKC 2004-3739, 2005 WL 1025953, at *2 (D. Md. Apr. 28, 2005)). But they "are not permitted when [a party] 'merely responded to arguments addressed by [the other party] in their opposition.'" *Id.* (quoting *CapitalSource Fin. LLC*, 2005 WL 1025953, at *2).

Dr. Debrabandere seeks to file a surreply to address the issue of whether certain statements of a third party, Brian Martin, are hearsay. *See* Doc. 189 ¶ 3. But this issue was not raised for the first time in the SEC's reply. The SEC pointed to Mr. Martin's statements as admissible evidence in its opening brief. Doc. 154 at 21-22; *see also id.* at SOF 56. Dr. Debrabandere then argued that the statements were hearsay in his opposition brief. *See* Doc. 160 at 41. In response, the SEC pointed out in its reply brief that the statements were not, in fact, hearsay under both the adoptive admission doctrine and the residual hearsay exception. *See* Doc. 186 at 13-14. Put another way, Dr. Debrabandere's opposition argued the statements the SEC introduced in its opening brief were inadmissible hearsay, and the SEC responded to those arguments by pointing out that they were not.

In short, this issue was not "presented to the court for the first time" in the SEC's reply brief; rather, the SEC was "respon[ding] to [an] argument[ ] addressed by [Dr. Debrabandere's] in [his] opposition." *Friends of Lubavitch*, 421 F. Supp. 3d at 158 n.7. As myriad cases from this district make clear, a surreply is inappropriate in these circumstances. *See, e.g., id.* ("[T]he [defendant] argues in its Motion that the Eleventh Amendment bars Plaintiffs' claims against it in federal court, to which Plaintiffs respond by citing the *Ex parte Young* exception in their Opposition. In its Reply, the [defendant] argues *Ex parte Young* does not apply here. The [defendant's] arguments in its Reply are not new. The Court therefore sees no grounds for

allowing the Plaintiffs leave to file a Surreply."); *Clear Channel Oudoor, Inc.*, 22 F. Supp. 3d 519, 529 (D. Md. 2014) ("Though the [defendant] makes new subject matter jurisdiction arguments in its reply, the arguments respond directly to those [plaintiff] makes in its response. [Defendant] raises no novel issue prompting the Court to permit a surreply, and thus [plaintiff]'s Motion will be denied."); *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801-02 (D. Md. 2013) (denying motion for leave to file surreply where, *inter alia*, "[moving party] did not deliberately hold arguments back from its original motion in an attempt to spring them on the [responding party] when a response could no longer be made; it merely argued against those points that the [responding party] asserted in its opposition."); *Aphena Pharma Solutions-Maryland LLC v. BioZone Laboratories, Inc.*, 912 F. Supp. 2d 309, 314 (D. Md. 2012) ("[Defendant] had not addressed the legal standard for the dismissal in his motion, but [plaintiff] presented its view of the standard in its opposition. [Defendant] then presented his argument on the standard in his reply. As such, the standard was not first raised in the reply. [Plaintiff] had the first word on what standard the Court should use. As both sides of the argument have been presented, the motion [for leave to file a surreply] will be denied.") (citations omitted); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (denying motion for leave to file surreply where defendant's reply brief challenged sufficiency of plaintiff's Rule 56(f) affidavit filed in connection with plaintiff's opposition brief; "Plaintiff had the opportunity to support her affidavit with arguments and facts in her opposition brief; a surreply would not provide Plaintiff with her first chance to address the issue.").

Respectfully submitted this 3rd day of November, 2020.

                                                            */s/ Nicholas Heinke*  
                                                            Polly Atkinson  
                                                            Nicholas Heinke  
                                                            Zachary T. Carlyle  
                                                            1961 Stout Street, 17th Floor  
                                                            Denver, Colorado 80294  
                                                            (303) 844-1000  
                                                            atkinsonp@sec.gov  
                                                            heinken@sec.gov  
                                                            carlylez@sec.gov  
                                                            *Attorneys for Plaintiff*  
                                                            UNITED STATES SECURITIES AND  
                                                            EXCHANGE COMMISSION

## CERTIFICATE OF SERVICE

      I certify that on November 3, 2020, I caused the foregoing document to be electronically filed with the Court using the ECF system, which will send notification of such filing to ECF-registered counsel.

                                               */s/ Nicholas Heinke*
                                               Nicholas Heinke