IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | * | |
| Plaintiff | * | |
| v. | * | Case No. 17-cv-03230-CCB |
| PHILIP R. JACOBY, JR. *et al.*, | * | Jury trial demanded |
| Defendants | * | |

**SEC'S REPLY REGARDING DEFENDANT JACOBY'S RESPONSE TO PLAINTIFF'S NOTICE THAT SUMMARY JUDGMENT BRIEFING IS COMPLETE AND REQUEST FOR ORAL ARGUMENT**

Plaintiff, Securities and Exchange Commission, hereby files this reply regarding Defendant Philip R. Jacoby's Response to the SEC's Notice that Summary Judgment Briefing is Complete and Request for Oral Argument ("Response") [Doc. 190].

The SEC maintains, and Mr. Jacoby does not contest, that summary judgment briefing is complete. The SEC notes that defendants requested, and received, a page limit significantly in excess of that provided for in the local rules for their responses to the SEC's motions for summary judgment. The defendants were permitted, and made, responses longer than the SEC's original memoranda in support of its motions. Mr. Jacoby has had ample opportunity to make his points, and the SEC does not believe oral argument is necessary. Nor does Mr. Jacoby have a right to oral argument. There is no requirement that a ruling on a motion for summary judgment be preceded by a hearing. *Sakaria v. Trans World Airlines,* 8 F.3d 164, 169 (4th Cir.1993), *cert. denied,* 511 U.S. 1083 (1994); *see also* D. Md. L. R. 105.6 ("Unless otherwise ordered by the Court, however, all motions shall be decided on the memoranda without a hearing."); *United States Fidelity and Guaranty Co. v. Lawrenson,* 334 F.2d 464, 466–67 (4th Cir.), *cert. denied,*

379 U.S. 869 (1964). (Interpreting L. R. 105.6: "it is still within the discretion of the court to grant or refuse a request for a hearing. A court is, of course, the best judge of its own rules. But even more importantly, rule 78 of the Federal Rules of Civil Procedure, the source of authority for [the local rule], makes it clear that hearings on motions are to be in the discretion of the district courts....").

      Further, Mr. Jacoby's attempt to include further argument, in effect a surreply, in the guise of a request for oral argument is inappropriate. "Surreplies are highly disfavored in this District." *Roach v. Navient Solutions, Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015). They "are not permitted when [a party] 'merely responded to arguments addressed by [the other party] in their opposition.'" *Friends of Lubavitch v. Baltimore County*, 421 F. Supp. 3d 146, 158 n.7 (D. Md. 2019) (quoting *CapitalSource Fin. LLC v. B & B Contractors, Inc.*, No. CIV.A. DKC 2004-3739, 2005 WL 1025953, at *2 (D. Md. Apr. 28, 2005)). Mr. Jacoby raised *SEC. v. Retail Pro*, 673 F. Supp. 2d 1108 (S.D. Cal. 2009) in his opposition. The SEC explained why that case was inapposite. No surreply is appropriate. *Friends of Lubavitch*, 421 F. Supp. 3d at 158 ("[T]he [defendant] argues in its Motion that the Eleventh Amendment bars Plaintiffs' claims against it in federal court, to which Plaintiffs respond by citing the *Ex parte Young* exception in their Opposition. In its Reply, the [defendant] argues *Ex parte Young* does not apply here. The [defendant's] arguments in its Reply are not new. The Court therefore sees no grounds for allowing the Plaintiffs leave to file a Surreply.")

      Accordingly, the SEC requests that the Court rule on its motion for summary judgment against Mr. Jacoby without further briefing, hearing, or delay.

Respectfully submitted this 3rd day of November, 2020.

                                                */s/ Polly Atkinson*
                                                Polly Atkinson
                                                Nicholas Heinke
                                                Zachary T. Carlyle
                                                1961 Stout Street, 17th Floor
                                                Denver, Colorado 80294
                                                (303) 844-1000
                                                atkinsonp@sec.gov
                                                heinken@sec.gov
                                                carlylez@sec.gov
                                                *Attorneys for Plaintiff*
                                                *UNITED STATES SECURITIES AND*
                                                *EXCHANGE COMMISSION*

## CERTIFICATE OF SERVICE

      I certify that on November 3, 2020, I caused the foregoing document to be electronically filed with the Court using the ECF system, which will send notification of such filing to ECF-registered counsel.

                                        */s/ Polly Atkinson*
                                        Polly Atkinson