IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | * | |
| Plaintiff | * | |
| v. | * | Case No. 17-cv-03230-CCB |
| PHILIP R. JACOBY, JR. *et al.*, | * | Jury trial demanded |
| Defendants | * | |

SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS
MOTION TO PRECLUDE TESTIMONY OF DEFENDANTS'
<u>EXPERT WITNESS DOUGLAS PRAWITT</u>

Table of Contents

I.   Introduction ..................................................................................................................1

II.  Professor Prawitt's Testimony Does Not Satisfy Rule 702 ...................................1

     A. Prawitt Should Not be Allowed to Testify to Opinion 1 .................................2

        1.   Prawitt is Not Qualified by Knowledge, Skills Experience, Training
             or Education ................................................................................................2

        2.   Prawitt's Opinion is Not Based on Sufficient Facts or Data or
             Reliable Principles and Methods ...............................................................4

             a.   Professor Prawitt's Opinion Concerning "Reasonable Assurance" ...............6

             b.   Professor Prawitt's Opinion About the Roles and Responsibilities
                  of Others ...............................................................................................7

             c.   Professor Prawitt's Conclusions Regarding Sufficient Analysis
                  and Countervailing Evidence .............................................................8

                  i.    Professor Prawitt Did Not Use a Principled Methodology ....................8

                  ii.   Professor Prawitt Did Not Review Necessary Documents .....................9

                  iii.  Professor Prawitt Did Not Apply His Methodology Reliably .................9

                  iv.   Professor Prawitt Improperly Relied on Certain Facts...........................9

                  v.    Professor Prawitt Merely Identified Contrary Evidence .......................10

             d.   Professor Prawitt's Opinion About Certification and
                  Representations ....................................................................................11

        3.   Prawitt's Opinions Should be Precluded ..................................................12

     B. Prawitt Should Not be Allowed to Testify to Opinion 2 .................................12

III. Prawitt's Testimony Should be Precluded Under Fed.R.Civ.P. 37(c)(1) ............17

IV.  Conclusion ...................................................................................................................17

Table of Authorities

Cases

*Aviva Sports, Inc.*, *v. Fingerhut Direct Marketing, Inc.*, 829 F. Supp. 2d 802,
    (D. MN., November 8, 2011) ................................................................ 11

*Cooper v. Smith & Nephew, Inc.,* 259 F.3d 194 (4th Cir. 2001) ......................................... *passim*

*Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993). ..................................... 16

*In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2017 WL 2802730
    (S.D.W. Va. June 28, 2017) .............................................................. 6

*Longtop Financial Technologies*, 32 F.Supp.3d 453 (S.D.N.Y. 2014) .................................. 10, 11

*Luitpold Pharms., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie,* 2015 WL 5459662
    (S.D.N.Y. Sept. 16, 2015) .............................................................. 11

*Mason v. AmTrust Financial Services, Inc.*, 2020 WL 7425254 (S.D.N.Y. Dec. 18, 2020) ..........4

*Melnyk v. Consonus, Inc.*, 2005 WL 5988664 (D. Utah, Sept. 12, 2005) ..................................... 4

*Salas v. Carpenter*, 980 F.2d 299 (5th Cir. 1992) ..................................... 10


Rules

Fed.R.Civ.P. 37 ................................................................ 17

Federal Rule of Evidence 702 ........................................... *passim*

Plaintiff Securities and Exchange Commission ("SEC") hereby replies to Defendants Opposition [Doc. No. 216] to the SEC's motion to preclude the testimony of Defendants' expert witness Douglas Prawitt [Doc. No. 206]. Professor Prawitt's testimony should be precluded.

I.  Introduction

In its motion, the SEC demonstrated a number of ways Professor Prawitt's opinions about SEC expert Lynn Turner failed to meet the requirements for admissibility, including insufficient qualifications, use of the COSO framework instead of any applicable methodology, and failure to adequately review and consider Mr. Turner's report. The SEC also demonstrated that Professor Prawitt's opinions about SEC expert John Lacey are irrelevant because they purport to rebut an opinion Professor Lacey never offered. Nothing in Defendants' Response solved any of those issues. Professor Prawitt's opinions should be stricken in their entirety.[1]

II.  Professor Prawitt's Testimony Does Not Satisfy Rule 702.

The threshold inquiry of Federal Rule of Evidence 702 is whether an expert opinion will be helpful to a jury. Sometimes this is characterized as an issue of whether the expert opinion "fits" the matter at hand. Neither Professor Prawitt's expertise nor his opinions fit this case. Defendants try to remedy this by mischaracterizing both SEC expert Lynn Turner's opinions and Professor Prawitt's opinions. It is clear, however, that analysis of what Mr. Turner and Professor Prawitt are actually opining on demonstrates that Professor Prawitt's opinions do not belong in this case. Similarly, Professor Prawitt's opinion concerning Professor Lacey does not belong in this case because it rebuts an opinion Professor Lacey does not have and, so, is irrelevant.

---

[1] The SEC would not waste the Court's time trying for "a trial in which its expert witnesses can testify without having their opinions challenged by an opposing qualified expert." For that reason, the SEC did not move to exclude Defendants' economist and moved to exclude a single opinion of their accounting expert. Only here, where the proposed expert is so woefully inadequate, has the SEC moved to exclude the entirety of his testimony.

Rule 702 provides that:

A witness who is qualified as an expert by knowledge, skill, experience, training,
or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the jury
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

In evaluating expert testimony, the court must consider whether it will help the trier of

fact, which is generally a question of relevance, or "fit": assuming the evidence is reliable, does

it apply to the facts in the individual case under consideration. *United States v. Barnette,* 211

F.3d 803, 815 (4th Cir. 2000); *see also Maryland Cas. Co. v. Therm–O–Disc, Inc.,* 137 F.3d 780,

784 (4th Cir. 1998). Further, the judge must conduct an assessment of whether the reasoning or

methodology underlying the testimony is valid and of whether that reasoning or methodology

properly can be applied to the facts in issue. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579,

595 (1993); *see also Cooper v. Smith & Nephew, Inc.,* 259 F.3d 194, 199 (4th Cir. 2001). This

analysis applies equally to rebuttal expert testimony offered by the defendant. *See Samuel v.

Ford Motor Co.*, 112 F. *Supp.* 2d 460, 469 (D. Md. 2000); *Funderburk v. S.C. Elec. & Gas Co.*,

395 F. Supp. 3d 695, 716 (D.S.C. 2019).

A.  Prawitt Should Not be Allowed to Testify to Opinion 1.[2]

    1.  Prawitt is Not Qualified by Knowledge, Skill Experience, Training, or Education.

---

[2] Professor Prawitt summarized his first opinion as:
    Mr. Turner has failed to demonstrate that Dr. Debrabandere and Mr. Jacoby failed to
    fulfill their responsibilities with respect to ICFR and disclosure controls during the
    Relevant Period. In arriving at his conclusions, Mr. Turner has applied his standard of
    care in a fundamentally flawed manner, and has failed to address countervailing evidence
    in his assessment of whether Dr. Debrabandere and Mr. Jacoby met his standard of care.
  Doc. No. 206-3, Prawitt Report, ¶ 11.

The SEC's expert, Lynn Turner, based upon decades of experience as an officer, an accountant, an auditor, an audit committee member, a regulator, and an academic, reached opinions about the standard of care applicable to Defendants conduct. *See* Doc. No. 215-1, Turner Report, ¶ 9 - 20, 22. Professor Prawitt is not qualified to rebut those opinions.

Defendants' extensive litany of Professor Prawitt's experience proves only that he could be an expert in some cases, not that he has the necessary qualifications to render opinions concerning the standard of care applicable to an executive officer of a public company that are at issue in this case.[3] Professor Prawitt has extensive experience, as the SEC's motion noted, in the areas of auditing, accounting, and the design of internal controls. But Professor Prawitt has never been an officer of a company, never been on the board of a public company, never been on the audit committee of a public company, never been an auditor for a public company, never been an employee of an auditing firm, and never been hired as a consultant by a company to help them assess their internal controls or had any other experience that would inform an expert opinion about the standard of care applicable to executive officers of a public company. *See* Doc. No. 206-4, Prawitt deposition transcript, pp. 13-14, 117. The only thing Professor Prawitt has done that even approaches expertise relevant to this matter is a research project by Professor Prawitt and others that involved interviewing several managers about internal controls and that has not reached any conclusion. *See* Doc. No. 206-4, Prawitt deposition transcript, p. 72. Professor Prawitt is simply not qualified to testify about the standard of care applicable to executive officers of a public company.

---

[3] Defendants' assertion that "the SEC recently retained Professor Prawitt as its own expert to opine on similar issues" is false. Professor Prawitt did not express an opinion about the standard of care applicable to executive officers of a public company in *SEC v. Miller*. *See* Doc No. 206-6, Prawitt Report in *SEC v. Miller*, at ¶¶ 12 – 15. Instead, Professor Prawitt opined about proper accounting, the company's internal control failures, that the defendant "contributed" to control failures, and that defendant made false statements to auditors and in certifications. *Id*.

The qualifications of a proposed expert are critically important. The fact that a proposed witness is an expert in one area, does not *ipso facto* qualify him to testify as an expert in all related areas. *See, e.g., Oglesby v. General Motors Corp,* 190 F.3d 244, 247 (4th Cir. 1999); *Wilson v. Woods,* 163 F.3d 935, 938 (5th Cir.1999); *Ancho v. Pentek Corp.,* 157 F.3d 512, 517 (7th Cir.1998). The opinion must be informed by the witness' expertise rather than simply being an opinion broached by a purported expert. *Ancho,* 157 F.3d at 518. This is true even in the area of accounting. *See*, *e.g.*, *In re Puda Coal Securities Inc., Litigation*, 30 F.Supp.3d 230 (S.D.N.Y. 2014) (Accounting expert precluded from testifying as to auditing standard of care when she, herself, had never conducted an audit.); *Mason v. AmTrust Financial Services, Inc.*, 2020 WL 7425254 (S.D.N.Y. Dec. 18, 2020) (Experienced accountant not qualified to testify to complex calculation.); *Melnyk v. Consonus, Inc.*, 2005 WL 5988664 (D. Utah, Sept. 12, 2005) ("While Roberts is an expert accountant, she is not an expert in capital markets, nor has she amassed sufficient, reliable data to support her assumption. Consequently, her assumption is a product of speculation and will not be helpful to a jury. Moreover, the assumption would be misleading to jury members who might view Roberts as an expert without recognizing her lack of expertise in this particular matter.")

Professor Prawitt qualifications fail to meet the requirements of Rule 702.

2. <u>Prawitt's Opinion is Not Based on Sufficient Facts or Data or Reliable Principles and Methods.</u>

The basic thrust of Defendants' response to the SEC's motion is that all the SEC's arguments to preclude Professor Prawitt's testimony amount to nothing more than fodder for cross-examination. *See* Doc. No. 216, Defendants' Response, p. 2. It is much more than that. Professor Prawitt fundamentally fails to identify *any* relevant or reliable principles and methods that he could use for his analysis and, so fails to meet the requirements of Rule 702.

In its motion, the SEC argued that none of Professor Prawitt's sub-opinions apply reliable principles and methods because his opinions rest almost exclusively on the COSO 2013 Framework. *See* Doc. No. 206-3, Prawitt Report, ¶ 16 ("For this report, I focus primarily on the financial reporting objective of the COSO 2013 Framework, *i.e.*, ICFR, pertaining to the role of internal controls in enhancing the reliability of financial reporting.").[4] Defendants argue that this is inaccurate because Professor Prawitt mentions another source in one sentence (immediately followed by a return to a discussion of COSO) and two footnotes of his 52 page report. Doc. No. 216, Defendants' Response, p. 21. Regardless of these references, Professor Prawitt continuously draws guidance from COSO and then faults Mr. Turner for failing to follow that guidance. *See*, *e.g*., Doc. No. 206-3, Prawitt Report, ¶¶ 55, 56, 59, 70, 71. But, as Professor Prawitt acknowledges, the COSO Framework does not define a concept of due care that Mr. Turner should use nor does it provide mandatory guidance that Mr. Turner's opinion should follow. Doc. No. 206-3, Prawitt Report ¶ 53; Doc. No 206-4, Prawitt transcript, pp. 36 – 37; 39; 41 – 42; 51. Professor Prawitt identifies no applicable authoritative guidance, principle or method that he used evaluate Mr. Turner's opinions. Instead, Professor Prawitt offers an opinion that Mr. Turner's opinions do not follow COSO - an approach he is not required to follow, that is silent on the critical issue, and that Mr. Turner does not purport to follow.[5] Accordingly, Professor Prawitt's rebuttal opinion does not line up with the opinion it purports to rebut – it does not fit.

---

[4] It makes sense that Professor Prawitt only discusses COSO because, as demonstrated by Defendants' Response, that is where his expertise lays, rather than the standard of care at issue in this case.

[5] Defendants argue that because Mr. Turner mentioned COSO, Professor Prawitt should also be allowed to testify about it. But Professor Prawitt did not opine that Mr. Turner misquoted or miscited COSO, he opined that Mr. Turner failed to follow it. *See*, *e.g*., Doc. No. 206-3, Prawitt Report, ¶¶ 55, 56, 59, 70, 71. Contrary to Defendants' assertion, Mr. Turner's opinion does not rely on the application of COSO, it relies on his "years of experience as a CFO and business executive, board and audit committee member, accountant and independent auditor, educator, and regulator." *See*, Doc. No. 215-1, Turner Report, ¶ 22. As a result, Professor Prawitt's rebuttal opinion does not fit the opinion he purports to rebut.

The methodology Professor Prawitt uses, while perhaps appropriate for a different case, is unreliable here and fails to meet the requirements of Rule 702. His testimony should be excluded.

Moreover, the SEC's motion noted that methodologies Professor Prawitt claims Mr. Turner should have used in this case is frequently inconsistent with methodologies he, himself, used in *SEC v. Miller*. *See*, *e.g.*, Doc 206, Motion, p. 13 (reasonable assurance and roles of others); p. 18 (certifications). Defendants argue that this is just a matter for cross-examination. Doc. No. 216, Defendants' Response, p. 31. They are wrong. Use of inconsistent methodologies renders an opinion unreliable and is grounds for preclusion. *See Cooper,* 259 F.3d at 203.[6]

a.   Professor Prawitt's Opinion Concerning "Reasonable Assurance"

The first sentence of the first paragraph of this section sets forth Professor Prawitt's opinion: "Mr. Turner's implementation of his standard of care fails to address the fundamental concept of 'reasonable assurance.'" Defendants claim that Professor's methodology in reaching this opinion was, first, to review Mr. Turner's report. Doc. No. 216, Defendants Response, p. 19. But this "methodology" is unreliable. As detailed in the SEC's motion, Mr. Turner did address reasonable assurance and Professor Prawitt's "review" failed to detect or consider that fact. Doc. No. 206, Motion, pp. 12 – 13. His failure to consider issues Mr. Turner addressed shows that Professor Prawitt applied the first step of his methodology – review of Mr. Turner's report – unreliably.

---

[6] Defendants' citation to *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2017 WL 2802730, at *2 (S.D.W. Va. June 28, 2017) is apposite. In that case, the court refused to exclude testimony because "plaintiff fail[ed] to identify particular portions of [expert]'s testimony that [the court] should exclude." Here, the SEC was specific about the ways Professor Prawitt applied inconsistent methodologies.

Moreover, in his report in *SEC v. Miller*, Professor Prawitt addressed the concept of reasonable assurance much as Mr. Turner did, by evaluating the internal control failures and other evidence, and concluded, "Reasonable assurance certainly does not imply that internal control systems will frequently fail." *See* 206-6, Prawitt Report in *SEC v. Miller*, ¶ 46. His use of the methodology he now criticizes renders his opinion unreliable. *See Cooper,* 259 F.3d at 203.

      b.   Professor Prawitt's Opinion About the Roles and Responsibilities of Others

For his "methodology" in reaching this opinion, Professor Prawitt relies exclusively on the COSO 2013 Framework. Doc. No. 206-3, Prawitt Report ¶¶ 58 - 62.[7] This methodology is not reliable in evaluating Mr. Turner's opinion, however, because, as recognized by Professor Prawitt, the COSO 2013 Framework does not set forth a methodology for evaluating due care with respect to ICFR nor is it a framework Mr. Turner was required to use. Doc. No. 206-3, Prawitt Report ¶ 53; Doc. No. 206-4, Prawitt transcript, pp. 36 – 37; 39; 41 – 42; 51.

Defendants' assertion that "it was most logical for Professor Prawitt to use the COSO Framework in his evaluation of Mr. Turner's opinions given that Osiris used the framework in implementing and assessing ICFR during the relevant period" is nonsensical. *See* Doc. No. 216, Defendants' Response, p. 25. It is completely *illogical* for Professor Prawitt to use the COSO Framework to evaluate Mr. Turner's opinions when Mr. Turner was neither required to, nor did, use that framework in reaching his opinions and the framework doesn't address the issue – the standard of care applicable to executives. Moreover, that fact that in *SEC v. Miller* Professor Prawitt focused on the individuals at issue to opine that they "contributed" to the control failure

---

[7] Professor Prawitt's mention in several footnotes that COSO is consistent with an SEC release is irrelevant. Professor Prawitt does not claim to have used that release in his analysis. Nor is there any suggestion that the SEC release sets forth any methodology applicable to analysis of Mr. Turner's opinions.

while opining that such an approach is inappropriate in this case demonstrates that the methodology he uses now is unreliable. Doc. No. 206-2, Prawitt transcript, p. 296; s*ee Cooper*, 259 F.3d at 203.

### c. Professor Prawitt's Conclusions Regarding Sufficient Analysis and Countervailing Evidence

Professor Prawitt's conclusions that Mr. Turner did not perform sufficient analysis and ignored countervailing evidence are not based on sufficient facts or data nor are they the products of reliable principles and methods for the following reasons:

### i. *Professor Prawitt Did Not Use a Principled Methodology.*

Neither Professor Prawitt nor Defendants identify a standard Professor Prawitt used to evaluate Mr. Turner's opinion and reach the conclusion that Mr. Turner did not perform sufficient analysis and ignored countervailing evidence.[8] Instead, Defendants argue that "Professor Prawitt is permitted to base his opinions on his more than 25 years of scholarship, experience, and recognized expertise in the field." Doc. No. 216, Defendants' Response, p. 26. As discussed above, however, Professor Prawitt lacks the necessary expertise to reach this conclusion. The "field" in which he is an expert is accounting, auditing, and the design of internal controls – not the standard of care applicable to executive officers. This failure to identify and use a reliable methodology precludes testimony under Rule 702.

---

[8] Defendants do note that "elsewhere" (in a footnote in a different section of his report), Professor Prawitt claims that an SEC release requires that an evaluation of "why a restatement was necessary and whether the need for restatement resulted from a material weakness in controls" "should be based on all the facts and circumstances." Doc. No. 216, Defendants' Response, p. 26; Doc. No. 206-3, Prawitt Report, n. 79. On its face, this release does not pertain to the analysis of the standard of care applicable to executive officers. The fact that Defendants point to this extraneous citation demonstrates how tenuous Professor Prawitt's "methodology" is.

    ii.   *Professor Prawitt Did Not Review Necessary Documents.*

    Although he reached a conclusion that Mr. Turner did not perform a sufficient analysis and ignored relevant evidence, Professor Prawitt testified he could not be sure he reviewed everything Mr. Turner looked at. Doc. No. 206-4, Prawitt Transcript pp. 96 – 97. Defendants argue that there is no requirement that an expert review every potentially-relevant document. Doc. No. 216, Defendants' Response, p. 27.[9] Ordinarily that would be true, but here where the opinion being offered is that Mr. Turner did not consider documents or did not consider enough documents, no such conclusion could reliably be reached without a careful and complete analysis of the documents Mr. Turner did consider. Professor Prawitt cannot possibly say that Mr. Turner failed to review the right things without reviewing what Mr. Turner reviewed. Professor Prawitt could not confirm he had done such a review. Doc. No. 206-4, Prawitt Transcript pp. 96 – 97. This renders his opinion unreliable.

    iii.   *Professor Prawitt Did Not Apply His Methodology Reliably.*

    Defendants' claim that Professor Prawitt's methodology was first, to review Mr. Turner's report. Doc. No. 216, Defendants Response, p. 19. As detailed in the SEC's motion, however, Professor Prawitt failed to apply that methodology reliably because he claims Mr. Turner failed to address issues that are addressed in his report. *See* Doc. No. 206, Motion, pp. 15 – 16.

    iv.   *Professor Prawitt Improperly Relied on Certain Facts.*

    Professor Prawitt opined that "Mr. Turner has failed to address evidence regarding the contemporaneous work and conclusions of BDO in his assessment of whether Dr. Debrabandere and Mr. Jacoby met his standard of care." Doc. No. 206-3, Prawitt Report, ¶ 92. The application

---

[9] Defendants also point out that the SEC experts relied on others to assist with document review. Doc. No. 216, Defendants' Response, p. 27. But the SEC experts are not opining that another expert failed to consider sufficient documents.

of Professor Prawitt's purported methodology (review of Mr. Turner's opinions) to these facts

(the contemporaneous work and conclusions of BDO) is unreliable. It would be improper for Mr.

Turner to "address evidence regarding contemporaneous work and conclusions of BDO" in his

opinions because that "work and conclusions" was repudiated by BDO. *See In re Longtop Fin.*

*Techs. Ltd. Sec. Litig.*, t2 F. Supp. 3d 453 (S.D.N.Y. 2014). It is similarly improper for Professor

Prawitt to rely on or consider that evidence.

Defendants do not contest that BDO repudiated its earlier work and conclusions. Instead,

they try, but fail, to distinguish *Longtop Fin. Techs.* Defendants argue that in *Longtop Fin.*

*Techs.*, the expert tried to use the earlier work to prove that the fact later repudiated was true. But

Professor Prawitt does exactly that. *See*, *e.g.*, Doc. No. 206-3, Prawitt Report, ¶102 ("BDO

concluded that it had not identified any material weakness during the course of its 2014 audit"); ¶

103 ("BDO issued an unqualified (i.e., "clean") opinion on Osiris' ICFR"); ¶ 105 ("Mr. Turner

has not addressed the contemporaneous reports from BDO regarding the cooperation of Osiris

management in the audits"). Given BDO's uncontested repudiation of these conclusions,

Professor Prawitt's consideration of them rendered his opinions unreliable.

v.   *Professor Prawitt Merely Identified Contrary Evidence.*

Professor Prawitt's primary use in this case is to highlight particular evidence found by

Cornerstone Research to be arguably favorable to the Defendants. The problem with such a

"methodology" is that Professor Prawitt will become a vehicle through whom the party can

summarize its case for the jury, with the imprimatur of the expert's asserted "expertise." Courts

have regularly barred experts from testifying in that manner. *See, e.g., Salas v. Carpenter*, 980

F.2d 299, 305 (5th Cir. 1992) ("[T]he trial judge ought to insist that a proffered expert bring to

the jury more than the lawyers can offer in argument."). Defendants do not dispute this authority.

Instead, Defendants argue only that a rebuttal expert need not reach an affirmative opinion. But that misses the point. A rebuttal expert may critique another expert's methodology, but may not simply sponsor favorable evidence. The cases cited by Defendants do not reach a different conclusions. *See, e.g.*, *Aviva Sports, Inc.*, 829 F. Supp. 2d 802, 835 (D. MN., November 8, 2011) ("It is the proper role of rebuttal experts to critique plaintiffs' expert's methodologies and point out potential flaws in the plaintiff's experts' reports."); *Luitpold Pharms., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*, No. 11-cv-681 KBF, 2015 WL 5459662, at *12 (S.D.N.Y. Sept. 16, 2015) ("Acting simply as a narrator of the facts does not convey opinions based on an expert's knowledge and expertise"). Professor Prawitt does not bring any relevant expertise to bear in highlighting favorable documents provided to him.

d.   Professor Prawitt's Opinion About Certifications and Representations[10]

Professor Prawitt again relies on the COSO Framework for his methodology and criticizes Mr. Turner for failing to follow it. Doc. No. 206-3, Prawitt Report, ¶¶ 109, 58 – 61. Defendants do not identify any other methodology. Doc. No. 216, Defendants' Response, p. 31. But Professor Prawitt recognized that Mr. Turner was not required to follow the COSO Framework and that it did not identify a standard of care. Doc. No. 206-3, Prawitt Report ¶ 53; Doc. No. 206-4, Prawitt deposition transcript, pp. 36 – 37; 39; 41 – 42; 51. This makes Professor Prawitt's opinion unreliable. Professor Prawitt also relies on information repudiated by the auditor and consultant, also rendering his opinion unreliable. Doc. No. 206-3, Prawitt Report, ¶111; s*ee Longtop Financial Technologies*, 32 F.Supp.3d at 462. Furthermore, in *SEC v. Miller*, Professor Prawitt opined that the company's CFO had provided false certifications and representations of the effectiveness of ICFR without addressing any of the issues he now

---

[10] Defendants, arguing that the SEC's motion on this point merely repeats its other arguments, repeats their earlier responses. Doc. No. 216, Defendants' Response, p. 31.

contends Mr. Turner should have addressed. *See* Doc. No. 206-6, Prawitt Report in *SEC v.*
*Miller*, ¶¶ 160 – 164. Professor Prawitt's inconsistent application of his methodology also
renders his opinion unreliable. *See Cooper,* 259 F.3d at 203.

       3.   <u>Prawitt's Opinions Should be Precluded.</u>

     As detailed in the SEC's motion, Professor Prawitt's opinion that Mr. Turner has failed to
demonstrate that Dr. Debrabandere and Mr. Jacoby failed to fulfill their responsibilities with
respect to ICFR and disclosure controls during the Relevant Period and that in arriving at his
conclusions Mr. Turner has applied his standard of care in a fundamentally flawed manner, and
has failed to address countervailing evidence in his assessment of whether Dr. Debrabandere and
Mr. Jacoby met his standard of care should be precluded. Professor Prawitt lacks the necessary
experience, skill, or training to reach such an opinion. In addition, in reaching his opinion,
Professor Prawitt failed to consider sufficient facts and data and has not applied reliable
principles or methods. Defendants have failed to meet their burden to prove that this opinion is
reliable and admissible. It should be excluded.

       B.   <u>Prawitt Should Not be Allowed to Testify to Opinion 2.</u>

     Professor Prawitt summarized his opinion purporting to rebut Professor Lacey's
opinions in three parts: 1) Professor Lacey has failed to demonstrate that Osiris did not
have a reasonable basis for the determinations made regarding Osiris' ICFR during the
Relevant Period; 2) Professor Lacey does not articulate a standard against which he
assesses the conduct of Dr. Debrabandere and Mr. Jacoby; and 3) Professor Lacey's
analysis of the components of Osiris' ICFR is flawed and incomplete. Doc. No. 206-3,
Prawitt Report, ¶ 11.

Defendants apparently concede that the first two parts of Professor Prawitt's opinion are unsupported and irrelevant and should be excluded, but argue that the third part is admissible. *See* Doc. No. 216, Defendants' Response, p. 33 (What Professor Prawitt did is opine that Professor Lacey's "analysis of the components of Osiris' ICFR," which is unrelated to any analysis of Defendants' conduct, "is flawed and incomplete."). Defendants are wrong. The third part of Professor Prawitt's opinion is not only "related to an analysis of Defendants' conduct," it specifically and clearly rebuts an opinion about Defendants' conduct – a non-existent opinion that Professor Lacey never offered.

Professor Prawitt's report makes clear, *from the very first sentence*, that his entire analysis rebuts a non-existent opinion of Defendants' conduct that Professor Lacey is not offering. Doc. No. 206-3, Prawitt Report ¶ 115 (**"Professor Lacey has not articulated a standard against which he is assessing the conduct of Dr. Debrabandere and Mr. Jacoby"**) (emphasis added); *see also* ¶¶ 119, 121, 122, 123, 124, 125, 129, 130, 137, 138. Defendants are able to pick out some isolated sentences that do not directly mention Defendants, but read in context those citations all relate to Professor Prawitt's irrelevant analysis of a non-existent opinion.

The outline of Professor Prawitt's opinion makes clear that his opinions all relate to his analysis of the non-existent opinion. Professor Prawitt's opinions concerning Professor Lacey are under a single heading. Doc. No. 206-3, Prawitt Report, pp. 42 – 52. This section includes two sub-headings. Doc. No. 206-3, Prawitt Report, pp. 43, 46. The introductions to each of these sections make clear that Professor Prawitt's opinion in each section is limited to an analysis of the non-existent opinion about Defendants conduct. The introduction to section 1 says:

> **Professor Lacey has not articulated a standard against which he is assessing the conduct of Dr. Debrabandere and Mr. Jacoby.** Instead, he simply asserts that "[m]anagement, on the other hand, has the responsibility for […] establishing and maintaining internal controls that will, among other things, record, process,

13

and report transactions in the financial statements in a manner that is consistent with GAAP."197 Professor Lacey has failed to provide an analysis by which he applies this broad statement to the facts and circumstances of this matter or the involvement of other parties that had responsibilities with respect to ICFR at Osiris.

Had Professor Lacey performed such an analysis, he necessarily would have had to address the following elements of ICFR: (1) the concept of reasonable assurance; (2) the necessity to assess a determination of the effectiveness of ICFR as of a specific m; and (3) the roles and responsibilities of other parties with respect to ICFR.

Doc. No. 206-3, Prawitt Report, ¶¶ 115, 116 (emphasis added).

Similarly, the introduction to Section 2 says:

Professor Lacey highlights three components of internal control at Osiris: (1) the control environment, (2) the entity's information system and related business processes relevant to financial reporting and communications, and (3) control activities. In my opinion, **Professor Lacey's analysis of each of these three components of internal control does not provide a sufficient basis to conclude that Dr. Debrabandere and Mr. Jacoby failed to appropriately discharge their roles and responsibilities with respect to ICFR** in the context of information reasonably available to all parties with responsibility for ICFR at the time relevant judgments were made and conclusions drawn. **I discuss each of the components below**.

Doc. No. 206-3, Prawitt Report, ¶ 125 (emphasis added).

Despite this clear context, Defendant's argue that within each section Professor Prawitt criticized specific opinions Professor Lacey rendered regarding Osiris's ICFR *unrelated* to Defendants' conduct. Doc No. 216, Defendants' Response, pp. 33 – 34. Defendants' attempt to twist Professor Prawitt's opinions to fit the opinion they wish he had offered does not work.

With respect to the concept of reasonable assurance, Defendants cite to paragraphs 118 and 120 of Professor Prawitt's report, neither of which mentions Dr. Lacey's opinion. Doc. No. 216, Defendants' Response, p. 33. Instead, Professor Prawitt's criticism of Dr. Lacey is in paragraph 119: "As such, it is not sufficient for **Professor Lacey** to simply cite Osiris' subsequent identification of a material weakness as sufficient evidence to conclude that **Dr. Debrabandere and Mr. Jacoby failed** to fulfill their obligations with respect to ICFR at the

14

time they made the judgments they made." Doc. No. 206-3, Prawitt Report ¶ 119 (emphasis added). This is an opinion rebutting the non-existent conclusion that Professor Lacey never reached.

With respect to the use of a specific date, Professor Prawitt's criticism is that "**Professor Lacey** has not included an analysis, based on the facts and circumstances contemporaneous to the Relevant Period, demonstrating that the **conduct of Dr. Debrabandere and Mr. Jacoby** with respect to ICFR was deficient." Doc. No. 206-3, Prawitt Report ¶ 121 (emphasis added). Again, Professor Prawitt's opinion criticizes a non-existent opinion about the Defendants' conduct that Professor Lacey never offered. Defendants partially quote the next sentence, but leave out the preamble "[f]or example" and omit the following sentence, which again relates to Defendants. Doc. No. 216, Defendants' Response, p. 33; *cf.* Doc. No. 206-3, Prawitt Report ¶ 122.

With respect to the roles and responsibilities of others, Professor Prawitt criticism is that "the conduct of "management" with respect to ICFR cannot be assessed in isolation" and then goes on to make the statement quoted by Defendants. Doc. No. 206-3, Prawitt Report, ¶ 123; Doc. No. 216, p. 33. This opinion criticizes a non-existent opinion about the "conduct of 'management'" (the Defendants) that Professor Lacey never offered.

With respect to control environment (including tone at the top and accounting function), information systems and control activities, Professor Prawitt groups his criticism of Professor Lacey together. [11] He says, "Professor Lacey highlights three components of

---

[11] Professor Prawitt's outline of his opinion is:
    2. Professor Lacey's Analysis of the Components of Osiris' Internal Control
      (a) Professor Lacey's Analysis of Osiris' Control Environment
        (1) Professor Lacey's Analysis of Osiris' Tone at the Top
        (2) Professor Lacey's Analysis of Osiris' Accounting Function
      (b) Professor Lacey's Analysis of Osiris' Information Systems

internal control at Osiris: (1) the control environment, (2) the entity's information system and related business processes relevant to financial reporting and communications, and (3) control activities. In my opinion, **Professor Lacey's** analysis of each of these three components of internal control does not provide a sufficient basis to conclude that **Dr. Debrabandere and Mr. Jacoby** failed to appropriately discharge their roles and responsibilities." Doc. No. 206-3, Prawitt Report, ¶ 125(emphasis added); *see also*, ¶ 137 ("Fundamentally, Professor Lacey failed to perform an analysis to demonstrate that **Dr. Debrabandere and Mr. Jacoby** did not have a reasonable basis for the conclusions they reached …" (emphasis added). Again, Professor Prawitt's opinion rebuts a non-existent opinion about Defendants' conduct that Professor Lacey never offered. Each of the isolated sentences quoted by Defendants was used by Professor Prawitt to support this broader, irrelevant opinion. Doc. No. 216, p. 34. Because the third part of Professor Prawitt's opinion rebuts a non-existent opinion never offered by Professor Lacey it is irrelevant, does not fit this case, and should be excluded.

Finally, Defendants fail to address the argument Professor Prawitt failed to articulate any methodology for his analysis. It is Defendants' burden to prove an appropriate methodology and the Court's responsibility to determine that a reliable methodology was used. *Daubert,* 509 U.S. at 592 -3 & n. 10; *Cooper,* 259 F.3d at 199.

Despite Defendants' attempts to twist Professor Prawitt's opinions concerning Professor Lacey's opinions to fit this case, they do not and his testimony should be excluded.

---

(c) Professor Lacey's Analysis of Control Activities
Doc. No. 206-3, pp. 46-52.

III.   <u>Prawitt's Testimony Should be Precluded Under Fed. R. Civ. P. 37(c)(1).</u>

Defendants' excuse for failing to identify Professor Prawitt's relevant testimony is disingenuous. There is nothing in the non-disclosure agreement signed by Professor Prawitt that would prevent him from identifying the fact of his engagement in *SEC v. Miller* or the fact of his testimony in that case. *See* Exhibit A, Form Non-Disclosure Agreement. Moreover, it is surprising that apparently neither the law firms representing Defendants nor the consulting firm assisting them bothered to run a Westlaw search on Professor Prawitt, which is how that expert report came to light in this case. The fact that Professor Prawitt failed to disclose a case in which he took positions inconsistent with positions taken in this case should not be ignored. At the very least, the SEC's experts should be permitted to testify about, and rely on if appropriate, Professor Prawitt's undisclosed prior opinions.

IV.   <u>Conclusion</u>

Defendants have failed to meet their burden to prove that Professor Prawitt's testimony is admissible. For the reasons set forth in the SEC's Motion and this Reply, his testimony should be excluded.

Respectfully submitted this 11th day of June, 2021.

*s/ Polly Atkinson*
Polly A. Atkinson
Nicholas P. Heinke
Zachary T. Carlyle
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000
atkinsonp@sec.gov
heinken@sec.gov
carlylez@sec.gov

*Attorneys for Plaintiff*
*UNITED STATES SECURITIES AND EXCHANGE*
*COMMISSION*

**CERTIFICATE OF SERVICE**

I certify that on June 11, 2021, I caused the foregoing document to be electronically filed with the Court using the ECF system, which will send notification of such filing to ECF-registered counsel.

*s/ Polly Atkinson*