IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | * | |
| Plaintiff | * | |
| v. | * | Case No. 17-cv-03230-CCB |
| PHILIP R. JACOBY, JR. *et al.*, | * | Jury trial demanded |
| Defendants | * | |

SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS
MOTION TO PRECLUDE TESTIMONY OF DEFENDANTS'
EXPERT WITNESS WILLIAM W. HOLDER

Plaintiff Securities and Exchange Commission ("SEC") hereby replies to Defendants' Opposition [Doc. No. 217] to the SEC's motion to preclude testimony of Defendants' expert witness William W. Holder [Doc. No. 207]. Professor Holder's testimony that is the subject of the SEC's motion should be precluded.

I.  Preliminary Statement

The SEC demonstrated in its motion why Professor Holder's opinions that restatements of previously issued financial statements "cannot necessarily be attributed entirely to error" and "do not necessarily rely solely on information that was knowable at the time" do not satisfy the requirements for admissibility under Federal Rule of Evidence 702. In short, the opinions, which form the basis for unfounded criticisms of SEC expert witness Professor Lacey's opinions, do not "fit" the facts of this case and Professor Holder's methodology in reaching the opinions is unreliable. Moreover, the opinions should be excluded under Federal Rule of Evidence 403 because they pose a far greater risk of misleading, rather than enlightening, the jury. Defendants' Response fails to establish that Professor Holder's challenged opinions meet the requirements for

1

admissibility or that the substantial risk of his testimony misleading the jury is counterbalanced by any probative value. Professor Holder's opinions should be precluded.

    II.    <u>Portions of Professor Holder's Testimony Should be Precluded under Federal Rules of Evidence 702 and 403.</u>

As detailed in the SEC's motion, some of the opinions Professor Holder intends to offer fail to meet the requirements of Federal Rule of Evidence 702 and should be precluded. Rule 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the jury;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

In evaluating expert testimony, the court must consider whether it will help the trier of fact, which is generally a question of relevance or "fit": assuming the evidence is reliable, does it apply to the facts in the individual case under consideration. *United States v. Barnette,* 211 F.3d 803, 815 (4th Cir. 2000); *see also Maryland Cas. Co. v. Therm–O–Disc, Inc.,* 137 F.3d 780, 784 (4th Cir. 1998). Further, the judge must conduct an assessment of whether the reasoning or methodology underlying the testimony is valid and of whether that reasoning or methodology properly can be applied to the facts at issue. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 595 (1993); *see also Cooper v. Smith & Nephew, Inc.,* 259 F.3d 194, 199 (4th Cir. 2001).

The fact that Professor Holder is a rebuttal expert does not alter this analysis. Although "[t]he court's function is more limited when evaluating rebuttal expert testimony offered by the defendant," it must still "determine threshold admissibility." *Samuel v. Ford Motor Co.*, 112 F. Supp. 2d 460, 469 (D. Md. 2000). Therefore, "a rebuttal expert is still subject to the scrutiny of

*Daubert* and must offer both relevant and reliable opinions." *Funderburk v. S.C. Elec. & Gas Co.*, 395 F. Supp. 3d 695, 716 (D.S.C. 2019).

Expert evidence, like all other evidence, may also be excluded under Federal Rule of Evidence 403 if it is confusing or misleading, or if its probative value would be substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403. Because the jury will often have "difficulty ... evaluating their testimony, expert witnesses have the potential to 'be both powerful and quite misleading.'" *Westberry v. Gislaved Gummi AB,* 178 F.3d 257, 261 (4th Cir. 1999) (*quoting Daubert,* 509 U.S. at 595). Accordingly, expert testimony that is more likely "to mislead [the trier of fact] than to enlighten should be excluded" under Rule 403. *See id.*

Application of Rule 702 to the opinions proffered by Professor Holder addressed in the SEC's motion demonstrates that he should not be permitted to testify to the opinions. Even if the opinions met the requirements of Rule 702 (they do not), they should be excluded pursuant to Federal Rule of Evidence 403.

1. Professor Holder's Opinions are Irrelevant.

In their Response, Defendants acknowledge that Professor Holder is not offering opinions about whether Osiris's restatements of revenue "were or were not the correction of errors."[1] *See* Doc. No. 217, Defendants' Response, p. 6. However, Defendants contend that Professor Holder's opinions that restatements are not "*necessarily* attributed entirely to error," and "restatements do not *necessarily* rely solely on information that was knowable at the time," as well as his derivative critique of Professor Lacey's statements that his conclusions are consistent

---

[1] Professor Holder concedes that "GAAP defines an error" as "mistakes in the application of generally accepted accounting principles (GAAP), or <u>oversight or misuse of facts that existed at the time the financial statements were prepared</u>." Doc. No. 207-4, Exhibit C to Motion, Holder Report ¶ 60 (citing ASC 250-10-20) (emphasis added).

3

with Osiris's restatements, are proper and relevant because rebuttal expert witnesses may criticize another expert's methodology or opinion without offering their own competing opinion. Doc. No. 217, Defendants' Response, pp. 6-7. This argument misses the point. Professor Holder's opinions at issue should be excluded because they do not "fit" the facts of this case and are, therefore, irrelevant and unhelpful to the trier of fact.

Here, there can be no dispute that Osiris made clear in its restatements that it restated revenue from the relevant transactions due to accounting "errors." *See* Doc. No. 207, Motion, pp. 6-8 (quoting Osiris' restatements). Tellingly, in response to the Motion, Defendants do not contest that Osiris disclosed in its restatements that it restated revenue from the relevant transactions due to accounting errors or offer any evidence that this conclusion was wrong. Doc. No. 217, Defendants' Response, pp. 6-8. Similarly, Professor Holder does not contend that Osiris restated revenue from the transactions due to anything other than accounting errors. *Id*. In fact, neither Professor Holder nor Defendants point to *any* evidence that could establish that Osiris's restatements of revenue at issue in this case were based on anything other than its disclosed determination that it recognized revenue in error. Therefore, Professor Holder's opinions that restatements are not "*necessarily* attributed entirely to error," and "restatements do not *necessarily* rely solely on information that was knowable at the time" that form the foundation of his purported criticism of Professor Lacey have no bearing on the facts of this case.

Whether, as Professor Holder contends, unidentified companies other than Osiris purportedly "'may or may not distinguish' between adjustments and errors" in restatements is irrelevant. *See* Doc. No. 217, Defendants' Response, p. 7. Here, Osiris specifically stated that the restatements of revenue at issue, including the restatements of revenue from Dover Medical LLC referenced in Defendants' Response, were due to "error." *See* Doc. No. 207, Motion, pp. 6-8

4

(quoting Osiris' restatements); Doc. No. 217, Defendants' Response, p. 7. Indeed, with respect to the restatement of Dover revenue in the Osiris 2014 10-K/A referenced in Defendants' Response and the portion of Professor Holder's report cited in the Response, Osiris disclosed that it restated the Dover revenue because the "transactions did not meet the criteria for recognizing revenue under GAAP in 2014" resulting in "[c]orrection of [] errors". *See* Doc. No. 207-9, Exhibit H to Motion, Osiris 2014 10-K/A, p. 5 of 7.

Defendants' argument that Osiris's restatements might not be based on errors, even though Osiris disclosed in its SEC filings that it restated revenue from the relevant transactions due to "errors," is entirely baseless. *See* Doc. No. 217, Defendants' Response, p. 7. There is simply no evidence to support Defendants' speculation that Osiris and its management made misstatements in Osiris's SEC filings regarding the basis for its restatements.

If anything, Defendants' Response lays bare, in stark terms, why Professor Holder's opinions should be excluded based on their lack of "fit" to the facts of this case. Defendants contend that Professor Holder should be permitted to criticize Professor Lacey's statements that his conclusions are consistent with Osiris's restatements, which is objectively true based on all available evidence, by *speculating*, without any evidence, that Osiris inaccurately stated the basis for its revenue restatements in its SEC filings. Professor Holder's proposed testimony regarding restatements does not fit the facts of this case and his related criticisms of Professor Lacey, which, at best, are based on nothing more than "speculation or guesswork," do "not meet the helpfulness requirements of Rule 702" and should be precluded. *Samuel*, 112 F.Supp.2d at 470.

2. Professor Holder's Opinions are Unreliable.

Defendants argue that the methodology Professor Holder used in reaching these opinions related to restatements is reliable, citing to a case for the proposition that an expert's "reliance

upon GAAP and other industry standards constitutes the type of non-scientific, but admissible, expert methodology envisioned in *Kumho* [*Tire Co. v. Carmichael*, 526 U.S. 137 (1999)]." Doc. No. 217, Defendants' Response, pp. 3-4 (*citing SEC v. Johnson*, 525 F.Supp.2d 70, 75 (D.D.C. 2007)). Defendants further claim that the SEC does not contest the reliability of Professor Holder's methodology. Doc. No. 217, Defendants' Response, p. 4. Defendants are incorrect.

The SEC has established that the methodology employed by Professor Holder in reaching his conclusions is unreliable by demonstrating that he did not appropriately apply "GAAP and other industry standards" in reaching them. Doc. No. 207, Motion, pp. 9-11. For instance, as detailed in the SEC's motion, Professor Holder's own citations to GAAP and admissions in his deposition regarding GAAP applicable to restatements are inconsistent with his opinions that restatements "cannot necessarily be attributed entirely to error" and "do not necessarily rely solely on information that was knowable at the time." Doc. No. 207, Motion, pp. 9-10. Similarly, as explained in the SEC's motion, Professor Holder's purported reliance on AU § 560.08 for his conclusions is an unreliable methodology because it does not say what he claims it does, and so he applies it incorrectly. Doc. No. 207, Motion, pp. 10-11.

Defendants claim that that Professor Holder's opinions are based on more than his "say-so" because he "discussed multiple provisions of the authoritative literature." Doc. No. 217, Defendants' Response, p. 4. However, multiple misapplications of a methodology do not render an opinion reliable, and as set forth in the SEC's motion and above, multiple provisions of the authoritative literature discussed by Professor Holder contradict, rather than support, his opinions. Thus, Professor Holder's methodology in reaching his opinions, which is purportedly based on his reliance on this authoritative literature, is unreliable.

Moreover, Defendants fail to meet their burden to prove that Professor Holder's methodology has general acceptance. It is Defendants' burden to establish the admissibility of Professor Holder's opinions. *Daubert,* 509 U.S. at 592 n. 10; *see also Cooper,* 259 F.3d at 199; *Maryland Cas.,* 137 F.3d at 783. It is their burden to show that Professor Holder's methodology has general acceptance, not the SEC's burden to prove that it does not. Nonetheless, the SEC has shown that Professor Holder's approach does not have general acceptance. *See* Doc. No. 207, Motion, pp. 11-12. Even Defendants' other expert recognizes that a restatement corrects an error. *See* Doc. No. 206-4, Prawitt Deposition, pp. 140 – 141 (Q. Would you agree that a restatement is the process of revising previously issued financial statements to reflect the correction of an error in those financial statements? A. Yes.). Accordingly, Professor Holder's opinions are unreliable and should be excluded under Rule 702.

    III.    <u>Professor Holder's Opinions Should Also be Excluded under Federal Rule of Evidence 403</u>.

Defendants argue that the SEC failed to demonstrate that Professor Holder's opinions have "a greater potential to mislead than to enlighten" the jury and therefore should be excluded under Rule 403. Doc. No. 217, Defendants' Response, p. 8; *see also Westberry*, 178 F.3d at 261. However, as detailed in the SEC's motion, Professor Holder's opinions that restatements are not "necessarily" the result of error and that restatements do not "necessarily" rely solely on information that was knowable at the time the original financial statements were prepared have a greater potential to mislead than enlighten the jury because there is no evidence that links these opinions to Osiris's restatements at issue in this case. Doc. No. 207, Motion, p. 13. Therefore, these opinions offer no probative value to weigh against the substantial risk that allowing Professor Holder to testify to them would mislead the jury to believe that there is evidence that

Osiris's restatements of revenue were based on something other than error and information that was knowable at the time the original financial statements were prepared.

Defendants contend that Professor Holder's opinions should not be excluded under Rule 403 because he is "not opining on the cause of Osiris's restatements or issuing standalone opinions" but just criticizing Professor Lacey's opinion that his GAAP conclusions are consistent with Osiris's restatements. Doc. No. 217, Defendants' Response, p. 8. However, to allow Professor Holder to offer these opinions as a purported critique of Professor Lacey could only serve to mislead the jury to believe that Professor Lacey failed to consider evidence that Osiris's restatements were based on something other than error and information knowable at the time the original financial statements were prepared, which does not exist. In sum, this testimony would only confuse and mislead the jury, rather than help it.

Thus, as set forth in the SEC's motion, even if Professor Holder's opinions met the requirements of Rule 702 (which they do not), they should be excluded under Rule 403.

IV.     Conclusion

Defendants have failed to meet their burden to establish that Professor Holder's opinions challenged by the SEC's motion are admissible. For the reasons detailed in the Motion and this Reply, this testimony should be excluded.

Respectfully submitted this 11th day of June, 2021.

                                          *s/ Zachary T. Carlyle*
Polly A. Atkinson
Nicholas P. Heinke
Zachary T. Carlyle
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000
atkinsonp@sec.gov
heinken@sec.gov
carlylez@sec.gov

*Attorneys for Plaintiff*
UNITED STATES SECURITIES AND EXCHANGE COMMISSION

## CERTIFICATE OF SERVICE

I certify that on June 11, 2021, I caused the foregoing document to be electronically filed with the Court using the ECF system, which will send notification of such filing to ECF-registered counsel.

*s/ Zachary T. Carlyle*
