IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | * * * | |
| | * | Civil Action No. CCB-17-3230 |
| v. | * * | |
| PHILIP R. JACOBY, JR., *et al.* | * * * | |

*****

## MEMORANDUM

Now pending is a motion for reconsideration of this court's order granting summary judgment in favor of the Securities and Exchange Commission (the "SEC") and against defendant Philip R. Jacoby on the SEC's claim that Jacoby violated Section 304(a) of the Sarbanes-Oxley Act of 2002 ("SOX 304"). (ECF 201). The matter has been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons described herein, the motion for reconsideration will be granted.

## BACKGROUND

On August 21, 2020, the SEC moved for summary judgment against Philip Jacoby on several claims, including its claim under SOX 304. (ECF 151-52). In that motion, the SEC argued that Jacoby "engaged in misconduct concerning revenue from Medikon and Stryker that resulted in the misstatement of revenue in Osiris's publicly filed financial statements for the first and second quarters of 2015" and that this misconduct—along with the misconduct alleged against Jacoby's codefendant Lode Debrabandere—"caused Osiris to restate that revenue." (ECF 152 at 38 and n.13). The SEC further contended that Jacoby received stock options and realized profits from the sale of Osiris's stock during the twelve-month period following the issuance, on May 11, 2015, of a 10-Q which was later restated. (*Id.* at 38–39). Specifically, the SEC noted that on May

1

27, 2015, Jacoby "exercised 20,000 of the options he had been granted and sold the stock the same day." (*Id.* at 39).

On February 2, 2021, this court granted in part and denied in part the SEC's motion for summary judgment against defendant Philip Jacoby, holding in relevant part that the SEC was entitled to judgment on its SOX 304 claim as to the Stryker transactions. (ECF 196). Jacoby filed a timely motion for reconsideration of the court's ruling on the SEC's SOX 304 claim (ECF 201), which the SEC has opposed.

## LEGAL STANDARD

Motions for reconsideration of an interlocutory order are governed by Federal Rule of Civil Procedure 54(b), under which the court retains discretion to revise any interlocutory order, such as one for partial summary judgment, "before the entry of a judgment adjudicating all the claims[.]" The goal is to reach the "correct judgment under law," *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013) (citation and quotation marks omitted). A court has "broader flexibility" to revise interlocutory orders than to reconsider final judgments, and may do so to correct a clear error of law or to prevent manifest injustice, s*ee Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

## ANALYSIS

Section 304(a) of the Sarbanes-Oxley Act of 2002 requires that if "an issuer is required to prepare an accounting restatement due to the material noncompliance of the issuer, as a result of misconduct, with any financial reporting requirement under the securities laws," he or she "shall reimburse the issuer for (1) any bonus or other incentive-based or equity-based compensation received by that person from the issuer during the twelve-month period following the first public issuance or filing" containing the restatement; "and (2) any profits realized from the sale of

securities of the issuer during that 12-month period." 15 U.S.C. § 7243(a)(1)–(2). Therefore, to prevail on a claim under SOX 304, the SEC must show (1) the issuer was required to issue a restatement because of material noncompliance with financial reporting requirements, (2) the noncompliance was caused by the issuer's misconduct, and (3) the CEO or CFO received incentive pay or profits from sales of stock within the relevant time period. *See id.*; *see also SEC v Life Partners Holdings, Inc.*, 71 F Supp. 3d 615, 625 (W.D. Tex. 2014) (stating the elements of a SOX 304 claim), *aff'd in part, vacated in part, and rev'd in part on other grounds by* 854 F.3d 765 (5th Cir. 2017).

The act does not require a CEO or CFO to have personally engaged in misconduct before being required to disgorge profits; rather it is "the issuer's misconduct that matters." *SEC v. Jensen*, 835 F.3d 1100, 1114-15 (9th Cir. 2016) (discussing the text and legislative history of the act, which was intended to "craft a broad remedy that focused on disgorging unearned profits rather than punishing individual wrongdoing"); *see also SEC v. Jenkins*, 718 F. Supp. 2d 1070, 1074–75 (D. Ariz. 2010). "Before reimbursement can be required, however, the issuer's misconduct must . . . be sufficiently serious to result in material noncompliance with a financial reporting requirement under the securities laws, and must require the issuer to file an accounting restatement." *Jenkins*, 718 F. Supp. 2d at 1075.

In his motion for reconsideration, Jacoby contends that it was clear error to enter judgment in favor of the SEC on the SOX 304 claim because a genuine dispute of material fact exists as to whether the noncompliance with financial reporting requirements in the first quarter of 2015 was "material." In other words, because the court found—with respect to the SEC's 10b-5 claim—that there was a genuine dispute concerning the materiality of the amount of the Stryker revenue restatement in the first quarter of 2015, those transactions cannot support summary judgment on

the SEC's SOX 304 claim. In response, the SEC argues that Osiris admitted the noncompliance was material when it issued its 2015 Form 10-K noting that its financial statements issued for the first three quarters of 2015 should not be relied on due to errors and referred to "the material errors" corrected in the 2015 Quarterly Restatement". (ECF 152-5 Ex. 4 at 9-10).

It is not clear that the 2015 10-K admits material noncompliance as to the first quarter. Osiris referred to three quarters in the aggregate when it referred to material errors corrected in the 2015 Quarterly restatement. And, as noted in the court's earlier opinion, discussing the 10b-5 claim, the SEC's expert did not conclude that the amount of the Stryker revenue misstated in the first quarter, standing alone, was material. (ECF 196 at 25, citing ECF 167-60, Ex. 669, Lacey Rebuttal Report, Ex 3.E). Because the first quarter of 2015 is the most relevant time period regarding Jacoby's stock sales, and because the significance of the 2015 10-K is in dispute, it appears that the issue of material noncompliance cannot, on reconsideration, be determined on summary judgment.

The SEC secondarily argues that the court's ruling may be sustained on the basis of the Medikon transaction. But the Medikon transaction was not relied on by the court as a foundation for the SOX 304 violation in the February 2021 opinion and will not be revisited here.

## CONCLUSION

For the reasons discussed herein, the court will grant the motion for reconsideration. A separate order follows.

 9/30/2021                                                                      /s/
Date                                                                    Catherine C. Blake
                                                                        United States District Judge

4