IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | Civil Action No. CCB-17-3230 |
| v. | |
| PHILIP R. JACOBY, JR., *et al.* | |

## MEMORANDUM

Now pending are two motions in limine filed by the plaintiff Securities and Exchange Commission ("SEC") seeking to exclude certain opinions offered by two experts offered as rebuttal witnesses by the defendants in this securities litigation. (ECFs 206, 207) The motions have been fully briefed. For the reasons explained below, the motions will be denied without prejudice to renewal as warranted at trial.

One of the motions is directed at Douglas Prawitt, who is offered to rebut opinions that may be offered by the SEC's experts, Lynn Turner and John Lacey, primarily as to ICFR and the applicable standard of care. The other is directed at William Holder, as to one opinion regarding restatements he might offer in rebuttal to Mr. Lacey.

To the extent the SEC seeks to exclude Mr. Prawitt's testimony because of his alleged failure to disclose prior expert testimony in violation of Federal Rule of Civil Procedure 26(a)(2)(B)(v), the motion is Denied. Mr. Prawitt disclosed the existence of a prior confidential engagement without specifically identifying the matter; it was in fact an engagement by the SEC itself in a case captioned *SEC v. Miller*, No. 2:17-cv-897-CBM-RAO (C.D. Cal. Filed Feb. 3, 2017). It is not clear there was any violation of Rule 26 by Mr. Prawitt, but even if there were,

1

the SEC, which apparently has both the expert report and the transcript of Mr. Prawitt's deposition testimony in *SEC v. Miller*, has shown no prejudice under these circumstances.

Because Mr. Prawitt and Mr. Holder are offered in rebuttal to Mr. Turner and Mr. Lacey, the precise scope of their permissible opinions will depend on the opinions ultimately offered by those two SEC experts. The court does agree with the defendants that Mr. Prawitt and Mr. Holder appear to have sufficient qualifications in their fields and that a rebuttal expert may properly identify perceived flaws in the plaintiffs' experts' opinions without necessarily presenting their own alternatives. *See Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*, 829 F. Supp. 2d 802, 834–35 (D. Minn. 2011). Further determinations as to the relevance and reliability of the specific rebuttal opinions sought to be offered may better be made in the context of trial. And the SEC may cross-examine Mr. Prawitt at trial about any inconsistencies they believe exist between his testimony in this case and the testimony he offered in *SEC v. Miller*.

A separate Order follows.

3/30/22
Date

CCB
Catherine C. Blake
United States District Judge